CHARLES LEONARD *vs*. CHARLES P. MAGINNIS.

February 17, 1886.

**Replevin—Place of Trial.**—An action for the claim and delivery of personal property, wrongfully taken, may be tried in the county where the plaintiff resides, though the taking was by the defendant, as sheriff, in another county.

**Same—Notice to Sheriff before Suit.**—Where the sheriff takes the property from the possession of another than the defendant in his writ, the owner need not, before bringing suit, serve on the sheriff an affidavit of his claim to the property.

**Levy on Debtor's Interest in Personalty.**—A sheriff may levy on the interest of his execution debtor in personal property, and to make the levy effectual, may take the property into his custody. But if he levy on property in which such debtor has no leviable interest, his taking is wrongful, though he assume to levy on only such debtor's interest.

**Replevin—Measure of Damages for Detention.**—Where a sheriff wrongfully levies on and sells personal property, and the owner becomes the purchaser at such sale, and thus becomes repossessed of his property, in a suit by the latter for the wrongful taking and detention, the measure of his damages may be what it so cost him to regain the property, and the sheriff cannot object that the sum so paid at the sale exceeded the actual value of the property.

**Same—Form of Verdict and Judgment.**—In an action in replevin, the defendant, who, as sheriff, had levied on the property upon a writ against a third person, retained it, and sold it on his writ. The plaintiff in the replevin purchased at the sale, and so became repossessed of his property, and was in possession at the time of the trial. Such retention, sale, and purchase, and the amount paid by plaintiff, were admitted by the pleadings. The plaintiff had a verdict which assessed the value of the property at the amount so paid by plaintiff, but did not in terms assess damages for the detention. *Held*, that it was not a case for an alternative judgment, (the plaintiff being already in possession.) The proper judgment was that plaintiff have the possession and damages for the detention, and that, as on the admitted facts plaintiff was entitled to recover, as such damages, the amount at which the value was so assessed, the court might render judgment for the possession and for that amount as damages.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried before *Brill*, J., and a jury, and plaintiff had a verdict, which was in the following form, viz:

"The jury in the case of *Leonard* v. *Maginnis* find for the plaintiff and assess the value of the property at the amount of $1,039.77."

*L. C. Spooner* and *O'Brien & O'Brien*, for appellant.

*Warner, Stevens & Lawrence*, for respondent.

GILFILLAN, C. J.   Replevin for certain horses and colts.   In the action, plaintiff caused the property to be taken pursuant to Gen. St. 1878, c. 66, tit. 8; and, upon defendant complying with the requirements of the title for that purpose, it was returned to him, to abide the result of the action.   It appears from the allegations and admissions of the pleadings that the property was taken in Stevens county by the defendant, sheriff of that county, upon an execution against the property of D. W. Watson and E. W. Leonard, as their property, and that, after it was returned to defendant in this action, as above stated, and before the trial, he proceeded to sell it under the execution, and sold a part of it, the plaintiff becoming the purchaser; and the remainder of it not sold he restored to plaintiff.   In making the levy and sale, the defendant assumed to levy on and sell the interest of D. W. Watson and E. W. Leonard in the property.   The action was brought in Ramsey county, where plaintiff resides.

Before answering, defendant served a written demand that the place of trial be changed to Stevens county, on the ground that the taking and detaining by defendant were in that county, and as sheriff of that county, and, after answering, made a motion, on the pleadings and an affidavit, that the place of trial be changed to that county, which motion was denied.   On the motion, it was clear, from the complaint, answer, and affidavit, that the gist of the action was the taking.   Appellant insists that the taking and the detention being acts done by him in virtue of his office, he had a right, under Gen. St. 1878, c. 66, § 48, subd. 2, to a trial in Stevens county, where the cause of action arose; respondent, that under a clause in section 49, the cause might be tried in Ramsey county, where he resides; and if that clause includes every action for the claim and delivery of personal property wrongfully taken, the position of respondent is right.   Section 47 pro-

vides that certain actions shall be tried in the county in which the subject of the action, or some part of it, is situated,—among them (subd. 4,) "for the recovery of personal property detained for *any cause;*" section 48, that certain actions shall be tried in the county where the cause of action or some part of it arose—among them actions "against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office." Section 49 provides for "all other cases"—that is, all cases not provided for in sections 47 and 48. After making provisions for such "all other cases," comes this clause, on which respondent relies : "*Provided,* that in an action for the claim and delivery of personal property, wrongfully taken, the action may be brought and maintained in the county where the wrongful taking occurred, or where the plaintiff resides."

When it is considered that sections 47 and 48 cover all actions for the recovery of personal property detained for any cause, among which are necessarily included those where the taking was wrongful, it is apparent that the clause quoted goes beyond the general scope of the section in which it is placed, and includes cases otherwise provided for in one or other of sections 47 and 48; and, having been enacted (1877) subsequently to the enactment of those sections, it takes out of their operation all the actions specified in it, and, to that extent, operates as an amendment or repeal of them. This case comes within the very terms of the clause, and might therefore be brought and maintained in either county. The motion to change the place of trial was properly denied.

As the property was not taken by the sheriff from the possession of the defendants in his writ, it was not necessary that plaintiff, before bringing suit, should serve on him an affidavit of his claim to it.

A sheriff may generally levy on and sell the interest of the execution debtor in personal property; and, to make the levy effectual, may take the property into his custody; but, to justify the levy, the execution debtor must have a leviable interest in the property. The verdict in this case established that the debtors in the execution held by defendant had no interest in the property. It makes no difference, therefore, as to his liability that he assumed to levy on only their interest. This taking was wrongful.

It is admitted by the pleadings that, at the sale of the property by defendant, the plaintiff bid it off at the price of $1,039.77, and thus and at that expense became repossessed of the property. At the trial the defendant insisted, by objections to evidence of value, and by requests for instructions, that, under the provisions of Gen. St. 1878, *c.* 66, §§ 239 and 272, as the plaintiff was in possession of the property, the value ought not to be assessed by the verdict, nor a judgment rendered for it; but that the judgment could at most be only for a return, and nominal damages. Where, pending the action, the plaintiff has become possessed of the property by the means given by the statute, and it is in his possession at the time of the trial, the value upon a verdict in his favor is not to be assessed; and when he comes into and is in possession by any other means,—as by voluntary surrender by the defendant, or by his own act,—it would seem that the same rule ought to apply, and that judgment in his favor should adjudge the title to be in him; that is, should be in terms for the possession of the property, and for damages for the detention. *Oleson* v. *Newell,* 12 Minn. 114, (186.) The jury found a verdict in favor of plaintiff, assessing the value at $1,039.77,—just what it cost him to get possession of the property,—but finding no damages in terms for detention.

In actions in replevin, the value is assessed, and a recovery thereof adjudged in the alternative, as damages for non-delivery pursuant to judgment. No delivery to plaintiff would be required in this case, for he already had the property. The judgment would establish his right to, and confirm, his possession. It is not a case for damages, strictly, for non-delivery under the judgment; but the sum assessed by the verdict was, under the admissions in the pleadings and the finding that the defendant's taking was wrongful, properly recoverable as damages for the detention. "Wherever the owner gets back his property after any wrongful taking or detention, the expense of procuring its return is the measure of damages, in the absence of special damages, and where the property itself has not been injured or diminished in value." 1 Sutherland on Damages, 239, and cases cited.

As the defendant received the amount which plaintiff paid to recover his property, it is not for him to object that it was greater than

the value of the property sold as it was proved at the trial. To permit him to make that objection would be permitting him to speculate upon his own wrongful act. The verdict, then, instead of assessing the amount as the value of the property, to be inserted in the judgment alternatively, as damages for non-delivery pursuant to the judgment, should have assessed the same amount as damages for the detention, to be recovered absolutely by the judgment. The verdict was wrong in form, but right in substance. The amount of damages plaintiff was entitled to in case of a verdict in his favor on the main question appearing by the pleadings, the facts being admitted, the court might render judgment, notwithstanding the form of the verdict, for the proper damages. That the judgment gave those damages in the alternative is no cause of complaint to defendant. On the application of the plaintiff the court below may correct the judgment so as to give the damages absolutely, instead of in the alternative; but if the plaintiff is content with it as it is, the defendant cannot complain.

Judgment affirmed.