THEODORUS NORTHRUP, Plaintiff and Respondent, *v.* WILLIAM A. CROSS, Sheriff of Dickey County, Defendant and Appellant.

**Exemptions — Selecti on—Claim and Delivery — Alternative Judgment—Damages.**

1. An execution d ebtor who undertakes to select his exemptions must indicate to the officer holding the writ the specific property claimed; but this requirement is satisfied by a selection in any manner that the officer cannot, or, under the circumstances, ought not to, misunderstand.

2. The fact that a defendant in an action of claim and delivery gives a delivery bond does not render the proceeding analogous to an action for conversion, and if plaintiff recover an alternative judgment, he is not limited in his damages for the detention to interest on the value, but may recover the value of the use of his property that

has been wrongfully detained from his possession, where such property has an active capacity for earning money.

ON REHEARING.

Where personal property is wrongfully taken by an officer, and sold at judicial sale, and the owner purchases the property at such sale, and receives possession thereof, he is not entitled, in an action of claim and delivery against the officer, to judgment for the value of the property; but, in lieu thereof, he is entitled to judgment for the sum that it cost him to regain possession, with interest on such sum from the date of its payment.

(Opinion Filed Feb. 25 1892.)

*A*PPEAL from district court, Dickey county; Hon. W. S. LAUDER, Judge.

*F. S. Parker* and *H. F. Miller* (*Newman & Resser*, of counsel), for appellant. *E. P. Perry* and *Alex. D. Flemington*, for respondent.

Action by Theodorus Northrup against William A. Cross, sheriff of Dickey county, to recover possession of certain personal property. Verdict and judgment for plaintiff. New trial denied. Defendant appeals. Modified and affirmed. On rehearing, reversed, and new trial ordered.

F. S. Parker, H. F. Miller (Newman & Resser, of counsel), for appellant:

The selection made by plaintiff was not sufficiently definite to enable him to recover his exemptions. Friedman v. Sullivan, 2 S. E. Rep. 785. The defendant, as sheriff, was guilty of no neglect of duty. He could not be compelled to select the specific articles for plaintiff. That duty the law puts on the plaintiff. Zielke v. Morgan, 7 N. W. Rep. 283. The action was in fact an action for conversion. Sutherland on Damages, vol. 3, p. 541; Nickerson v. Chatterton, 7 Cal. 568; Bigelow v. Doolittle, 36 Wis. 115; Dorsey v. Manlon, 14 Cal. 553.

E. P. Perry and Alex. D. Flemington, for respondent:

The question as to whether a selection had been made was properly submitted to the jury as the main question in the case.

There being testimony to sustain the finding of the jury, it will not be disturbed. 3 Waite's Practice, p. 405; Estee's Pleaddings, § 4920; Smith v. Wallace, 25 Wis. 55; Vilas v. Mason, 25 Wis. 310. It is proper to charge in replevin, when defendant gives bond, and retains possession of the property, damages for the retention in addition to its value. Hanselman v. Cregel, 40 N. W. Rep. 687; McIntyre v. Eastman, 41 N. W. Rep. 162. In replevin it is only where plaintiff elects to take the value of the property, with damages for the detention, that the rule should be the same as in trover. Bigelow v. Doolittle. 36 Wis. 115.

The opinion of the court was delivered by

BARTHOLOMEW, J. Appellant was sheriff of Dickey county, and as such held an execution issued on a judgment against respondent, under which he made a levy on certain of respondent's personal property. This case arises under the exemption law. Our statute permits a debtor, in addition to certain absolute exemptions, to select and hold other personal property, not to exceed in value the sum of $1,500. But in order to avail himself of the additional exemptions the debtor must, within three days after the levy, deliver to the officer holding the writ a verified schedule of all his personal property. Provision is made for the appraisement of the property thus scheduled; and, if the appraised value exceeds the sum of $1,500, it then becomes the duty of the debtor to select from the appraisement such property as he claims to hold as exempt, not exceeding in value the statutory limit. Comp. Laws, §§ 5128, 5130–5132. The respondent delivered the verified schedule to the sheriff, and the property was appraised, and the appraised value exceeded the sum of $1,500. Appellant claims that respondent failed to select his exemptions. Respondent, on the other hand, claims that he made such selection, and that as the sheriff failed to release the property selected from the levy, but was proceeding to sell the same, he brought this action in claim and delivery to recover the property selected. The sheriff gave a delivery bond, and ultimately sold the property. Both the sworn schedule and the appraisement list are in evidence. In

each it appears that certain articles of property are mentioned; followed by the statement that such articles are mortgaged; giving the name of the mortgagee and the amount secured. Five different mortgages are mentioned in that manner. Then follows a list of articles about which nothing is said. The last article in each list is described in the following language: "One mortgage from Thomas Larkin, $650, assigned to B. F. Gannon as collateral security." The value of the entire list as appraised, less the incumbrances stated, was less than $1,500. It is undisputed that respondent first claimed all the property on the list; and his counsel contended in this court that as the value of all of the property, less the incumbrances thereon, did not exceed $1,500, respondent was entitled as against the execution, to hold the entire amount as exempt. The learned trial court instructed the jury, however, that the exemptions must be selected without reference to the incumbrances; and this charge, not being challenged, must stand as the law of this case. By a fair construction of respondent's testimony, however, he swears that his last demand before bringing this action was for what he denominates the "free property" on the appraisement. This is contradicted, but the jury, in returning any verdict for respondent under the instructions, must have so found. Appellant contends that a selection of the "free property" was too vague and uncertain to constitute any legal selection, and that no burden could be thrown upon him to decide what was or what was not "free property." It is undoubtedly the law that the debtor's selection of exemptions must be so specific and certain that the officer will be appraised of the exact claim made (Zielke v. Morgan, 50 Wis. 560, 7 N. W. Rep. 651; Thomp. Homest. & Ex. § 820 et seq.;) and such were the instructions of the court in this case. But the selection made by the respondent fulfills the legal requirement. Appellant had the appraisement in his possession, and he was bound to know on what property he had levied under the execution. Upon the appraisement, certain property was designated as mortgaged, and certain other property was assigned as collateral. The balance was listed without comment, and the term "free property," used in connection with the appraisement, could mean nothing else than property that appeared on such appraisement as unin-

cumbered; and appellant could unmistakably determine what, if any, of such property he had in his possession under the levy. No duty or burden was thrown upon him to determine whether or not any particular property was in fact free. That question was entirely immaterial for the purposes of respondent's selection. The material matter was whether or not he understood exactly what respondent included in the term "free property;" and we hold, under the circumstances, that he must have so understood, and we do so the more readily because appellant, in his testimony, admits that the term was frequently used in the various conversations on the subject, and makes no claim that he did not fully understand it. "It is enough if it [the election] is made to the levying officer in a way in which he cannot, or ought not to, misunderstand it." Thomp. Homest. & Ex. § 834.

But in this connection, and in some manner not disclosed by the record, the jury was permitted to make a serious error. Turning to the verdict, we find among the property, the value of which made up the verdict, the following: "One note and mortgage from Thomas Larkin to plaintiff for six hundred and fifty dollars." Neither the schedule nor the appraisement contains any mention of any note; but this arises from an inaccurate use of terms, as both lists speak of a mortgage for $650 from Thomas Larkin to plaintiff, but describes the same as "assigned to B. F. Gannon as collateral security." The material thing is the note. If that is not contained in the sworn schedule, then, under the statute, it cannot be claimed as exempt. If, on the other hand, it be claimed that the note is sufficiently described by the description of the mortgage that secures it, then most certainly it is excluded from the list of "free property," and was not, under the instructions of the trial court, legally selected by respondent as one of his exemptions. In either event, its value cannot be recovered in this case. The only testimony as to the value of the note is that of respondent himself, who swears that it was "good;" and, as its face value was $650, we are bound to presume that the jury placed it at that sum in making up their verdict. This point as to excessive valuation of property claimed as exempt is fairly raised under

the first assignment of errors. The jury also gave plaintiff damages for the detention of his property in the sum of $200. Appellant insists that when the defendant in claim and delivery gives the proper undertaking, and retains possession of the property, the rule of damages is the same as for conversion, to-wit, interest on the value of the property. In some jurisdictions, where the officer's return shows that he cannot get possession of the property, either because it is beyond the jurisdiction, or because of a counter bond executed by defendant, the action ceases to be for possession. The plaintiff no longer pursues the specific property, but the action is in damages for the value, and defendant cannot satisfy the judgment by delivering the property. In such jurisdictions the plaintiff recovers interest on the value, instead of the value of the use. 3 Suth. Dam. 541 *et seq.* But such cannot be the rule in this state. Here the bond given by defendant is conditioned for the delivery of the property to the plaintiff, if such delivery be adjudged, and, if plaintiff recovers, he takes an alternative judgment. He has the right to insist upon delivery, if a delivery can be had, and on the other hand the defendant has the right to insist upon delivering the property in satisfaction of the judgment for value. Plaintiff's ownership continues during the proceedings; and, being the owner, he is properly entitled to the value of the use of his property wrongfully detained from his possession. In this case it is certain that the amount of damages found by the jury was in no manner affected by the mistake in considering the note. All the evidence of damages pertained to the value of the use of certain teams and machinery, and expense of replacing certain seed grain.

From these views, it follows that the trial court must be directed to modify the judgment for the value of the property by deducting therefrom the value of the note, to-wit, the sum of $650; and as thus modified the judgment of the district court will be affirmed. Appellant will recover costs in this court. All concur.

### ON REHEARING.

BARTHOLOMEW, J.   A rehearing was granted in this case upon appellant's application, and the question as to what is the

proper rule of damages in cases of this character has been again argued before the court. The questions argued arise, for the most part, concerning a team which the jury found was wrongfully taken by the defendant. When the former opinion was handed down, the court understood that, when the team was taken and sold, plaintiff was permanently deprived thereof as owner. Plaintiff's subsequent possession of the team was supposed to be through some arrangement with the purchaser at the execution sale. It is now insisted that the evidence shows that the plaintiff was in fact the purchaser of this team at the sale, and received it back as owner. On further examination of the testimony, we find there is much in it to confirm this view. There is certainly nothing in the verdict, under the instructions, to negative it. If such be the fact, then the rule of damages as given by the trial court was wrong. When a party whose property has been wrongfully taken by an officer, and sold at judicial sale, buys such property in at such sale, he is not entitled, in an action of claim and delivery against the officer, to judgment for the value of the property, but only for the sum which it cost him to regain possession, with interest on such sum from the time of payment. Of course, this does not affect his claim for damages for the detention while he was deprived of possession. This principle has been applied in a number of cases where the action was for conversion. See Ford v. Williams, 24 N. Y. 359; Baker v. Freeman, 9 Wend. 36; McInroy v. Dyer, 47 Pa. St. 118. In Sprague v. Brown, 40 Wis. 612, it was applied in a case where the plaintiff repurchased the property from a third person who purchased it at the execution sale. In Leonard v. Maginnis, 34 Minn. 506, 26 N. W. Rep. 733, the principle was approved and applied in a case of claim and delivery. It is certainly fair and just, and exactly fulfills the conditions of compensation. The district court will reverse its judgment, and order a new trial. The order heretofore entered in this court will be changed accordingly. Reversed. All concur.