## BENJAMIN V. HUSTON.

1. Horses having been taken from plaintiff on execution against another, he brought claim and delivery against the sheriff, who subsequently sold the property under the execution. The purchaser under such sale arranged with plaintiff that the latter should pasture the horses, and the horses were being pastured by plaintiff at the time the claim and delivery action was tried. Held, that plaintiff, being shown to be the owner, was entitled to a judgment not only for damages and costs, but that he "recover possession;" his possession of the horses at the time of trial being merely a qualified one as agister.

2. Plaintiff being entitled to the unqualified possession, the fact that plaintiff, while the horses were in his possession as agister, leased them from one who had purchased them from the sheriff, did not render the judgment that he recover possession of them erroneous.

3. In a claim and delivery action for the recovery of horses, the value of the property was properly determined as of the time of the taking.

4. An instruction that the damages should be found as of the "time of the commencement of the action" was not erroneous, there not having been more than two weeks' difference between the time of the taking and the commencement of the action, and there being no claim that the value had fluctuated during such interval.

5. In claim and delivery for horses, evidence as to the value of the use of the property from the time of the taking until the trial was properly admitted.

6. Where there was ample evidence and proof of value of the use of the property taken during the time of its detention, erroneous admission of certain evidence on the question of value could not constitute reversible error.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action in claim and delivery by Stillman J. Benjamin

against R. J. Huston. From a judgment for plaintiff, defendant appeals. Affirmed.

*Joe Kirby,* for appellant.

As the plaintiff in this action was the owner of the property in question at the time the Sheriff wrongfully seized it and the same came back into his possession subsequent to the bringing of this action, which possession he still held at the time of the trial, the only judgment he can recover is that he retain such possession and have his damage and costs. Hove v. McHenry 14 N. W. 301; Cobbey on Replevin § 65, 876; 3 Blackstone 4; §§ 5063, 5100 Comp. Laws; 18 Enc. P. & P. 599; Jandt v. Popphast 71 N. W. 216; Leonard v. Mc-Ginnis 26 N. W. 733; Northrop v. Cross 51 N. W. 718.

As plaintiff has by his own acts vested the right of possession to this property which he now holds in Thomas McKee by having agreed to hire his own property of said McKee then the action must fail, for only the person entitled to possession at the time of the trial can have judgment therefor. Cobbey on Replevin § 7845.

The evidence of value of this class of property must relate to the time of the trial and not to the time the action is brought, but where the property is of such a nature that evidence of its value at the time the action was brought is proper then plaintiff cannot claim the usable value as damages. Allen v. Fox, 51 N. Y., 562; Brewster v. Stillman, 38 N. Y., 423; Cobbey on Replevin, Sec. 938.

*U. S G. Cherry,* for respondent.

A party to an action will not be permitted to try the action upon one theory in the court below and then insist upon a different theory for the first time upon appeal. Graham v. Selbie,

74 N. W.. 439; Noyes v. Boyce, 70 N. W., 846; Baird v. Wood-
ward, 61 N. W., 612; Moquist v. Chapel, 64 N. W., 567.

There is no exact. precise or invariable rule that the find-.
ing of value shall be of any particular time.  The statute is
designedly indefinite as to the time of valuation, in order to al-
low the Court and jury to adapt their finding to the peculiar
circumstances of each case.   It is only necessary that substan-
tial justice be done between the parties and  that neither suffer
material injury in the finding of value.   20 Am. & Eng. Enc.
of Law 1st Ed. 1128-9; Suydam v. Jenkins, 3 Sand. (N. Y.,)
621; Berthold v. Fox, 13 Minn., 501; Page v. Fowler, 39 Cal.,*
416; Sturges v. Keith, 57 Ill., 451, Brewster v. Carmichael, 30
Wis.. 456; 18 Am. and Eng. Ency., Pr. 580,

Corson, J.   This is an action in claim and delivery; and
from the judgment entered in favor of the plaintiff, and order
denying a new trial, the defendant has appealed.

The facts necessary to an understanding of the questions
presented may be briefly stated as follows;  In· the early part
of the year 1901, one D. H. Bates sold and delivered to the
plaintiff a team of horses, being the property in controversy in
this action.   On the 8th day of June following, the defendant,
as sheriff, levied upon and took into his possession this team
as the property of said Bates, and on June 21st the plaintiff
brought this action in claim and delivery to recover the pos-
session of the said team, but made no affidavit or requisition
for the immediate delivery of the .property to him, and the
team, therefore, was left in the possession of the defendant,
who on June 26, 1901, sold the same as such sheriff, under an
execution held by him against said Bates, to one Thomas Mc-

Kee. McKee, after his purchase at the sheriff's sale, made arrangements with plaintiff to pasture the team for him, the plaintiff being engaged in the business of pasturing horses and cattle for various parties and in the business of farming generally. During the harvest season the plaintiff, being in need of a team with which to harvest his grain, leased the team in question of McKee, agreeing to pay him therefor $1.75 per day, and to feed and care for the team when he should not use the same. The plaintiff had control of the team under this contract at the time of the trial. The jury returned the following verdict: "We, the jury in the above-entitled action, find all the issues therein in favor of the plaintiff and against the defendant, and that the plaintiff is entitled to recover possession of the personal property described in the complaint. We further find the value of said horses at the time this action was commenced to be the sum of $150.00, and we further find the plaintiff's damages by detention of this property to be the sum of $50.00." To this verdict the defendant excepted on the ground that the same should be that the plaintiff retain possession of the property, and not to recover possession thereof, as it appears from the evidence that he had had possession of the property since June 26, 1901. Upon the verdict so found, the court entered the usual judgment.

The appellant seeks the reversal of the judgment on the following grounds: As the plaintiff in this action was the owner of the property in question at the time the sheriff wrongfully seized it, and the same came back into his possession subsequent to the bringing of this action, which possession he still had at the time of the trial, the only judgment he can recover is that he retain such possession and have his damages and

costs. If plaintiff has by his own acts vested the right of possession to this property which he now holds in Thomas McKee, by having agreed to hire his own property of said McKee, then the action must fail, for only the person entitled to possession at the time of the trial can have judgment therefor. The evidence of value of this class of property must relate to the time of trial, and not to the time the action is brought, for, where the property is of such a nature that evidence of its value at the time the action is brought is proper, then plaintiff cannot claim a usable value as damages, but must be confined to interest on such value.

It will be observed from the statement of facts that the property was taken from the possession of the plaintiff by the defendant, and sold; that subsequently McKee, the purchaser at the sheriff's sale, turned the horses into the pasture of the plaintiff under an agreement that plaintiff would pasture them at the price of $3 per month; that while in the plaintiff's pasture the plaintiff applied to the defendant for the use of them during the harvesting season, and McKee let him use the team at an agreed price of $1.75 per day; and that the plaintiff was using the team under this agreement at the time of the trial. That the plaintiff was the owner of the property at the time it was seized and sold by the defendant is conclusively established by the verdict of the jury, and it is not questioned on this appeal. It is contended, however, on the part of the appellant, that, when the plaintiff received the team from McKee to pasture, it came into his possession, and that it remained in his possession up to the time of the trial, and hence he was not entitled to a judgment for the possession of the property which was then in his possession. This contention

is untenable for the reason that the possession of the plaintiff was in his capacity as an agister, and was a qualified, and not an absolute, possession. The right to the possession still remained in McKee, subject to plaintiff's lien as agister, and he may be said to have had not only a right to the possession, but the constructive possession, of the property, This seems to have been the view of the Supreme Court of New York in Atwater v. Lowe. 39 Hun, 150. In that case the court says: "In the case of an agister, the possession is more in the nature of an agent or bailee. The owner, remaining constructively in the possession, may at any time take them into his actual possession."

Neither did the fact that the plaintiff entered into a contract with McKee by which he secured the control of the property during the harvesting season change his relation to the property or vest in McKee any title to the same. It is true the plaintiff had a temporary, qualified and limited possession of the property under that contract, but being the owner of the property, as found by the jury, he was entitled to a verdict and judgment giving him the absolute and unqualified possession of the same. The jury, therefore, properly found, and the court correctly adjudged, that the plaintiff was entitled to the possession of the property, and that he recover possession of the same.

The theory of the appellant seems to be that the plaintiff could have retained the property as his own as against the claim of McKee. Possibly he might have done so, but he was not required to take that course, or involve himself in litigation with McKee, as this suit was then pending to recover the possession of the property from the defendant, who had wrong-

fully seized and sold the same. It has been held that, where the plaintiff in a claim and delivery action has purchased at a sheriff's sale the property wrongfully taken from him by. the defendant as sheriff, he will not be entitled to a judgment for the possession of the same nor its value, and will only be entitled to recover the expenses incurred by him in· purchasing the property. Northrup v. Cross, 2 N. D. 433, 51 N. W. 718; Leonard v. Maginnis, 34 Minn. 506, 26 N. W. 733; Cobbey on Repl. § 876. But the law as established in that class of cases is based upon the theory that the plaintiff has the absolute and unqualified possession of the property, and is not applicable to the case at bar. In our opinion the plaintiff had no such possession of the property, and did not confer upon McKee any such right to the property, as would prevent him from recovering an ordinary judgment in claim and delivery.

It is further contended by the appellant that the court erred in admitting evidence on the part of the plaintiff to prove the value of the property at the time of the commencement of the action. The plaintiff insists, however, that this question is not before the court for the reason (1) that the evidence upon this subject was not objected to at the trial; (2) for the further reason that the court charged the jury upon this subject as follows: "So, it is necessary for you to determine what was the value of the property at the time of the bringing of this suit, which I am informed is the 21st day of June last. Fix in your verdict the value of that property at that time"— and no exception to this part of the charge was taken. We are inclined to take the view that the plaintiff is correct, and that the question is not, therefore, properly before us. But assuming that the question, as appellant claims, is before us

for review, we are of the opinion that the court committed no error in admitting the evidence and in its charge to the jury.

While there is a conflict in the authorities as to the rule applicable to property of a fluctuating market value, the rule seems to be quite uniform as to property not subject to such fluctuation. The question was exhaustively discussed by the Supreme Court of California in Page v. Fowler, 39 Cal. 412, 2 Am. Rep. 462. In that case—a case involving property fluctuating in value—the court followed the rule previously laid down in that state, holding that in that class of cases the highest price between the time of taking and the trial was the proper rule with certain qualifications; and after a review of the English and American cases the court uses the following language; "The doctrine is therefore, as I think, of American origin, and it may be remarked that all the cases concur in admitting that the general rule is that the damages are to be measured by the value of the property at the time it was taken, the doctrine in question being an exception to the rule; and though the exception has, perhaps, become the rule, it may be well to bear in mind that it originated in an exception made on the ground that in certain cases (where the market value is fluctuating) the prevailing rule did not do full justice. The exception ought not, therefore, to be carried beyond the purpose for which it was made. That being accomplished, the ordinary rule should prevail. The reason for it must have been that in the usual course of trade or business it was likely that the owner would have realized the enchanced value if he had not been deprived of his property." See, also, Suydam v. Jenkins, 3 Sand. 614, for a very full discussion of the subject.

The court in the case at bar seems to have adopted the

general rule in effect, using the expression "commencement of
the action" instead of "the time of the taking." In this case
it was not material, as the property was taken on the 8th of
June, and the action was commenced on June 21st, and there
is no claim that the value was not practically the same as the
dates specified.

It is further contended by the appellant that the court
erred in admitting evidence to prove the value of the use of
the property from the time the same was taken by the appell-
ant until the time of the trial, but we discover no error in the
Court's ruling upon this question. The property, at the time
it was seized by the appellant, being the property of the
plaintiff, he was entitled to be reimbursed for all damages he
may have sustained by reason of the defendant's wrongful tak-
ing. The property being such as has usable value, the plain-
tiff was clearly entitled to the value of its use during the time
he was deprived of its possession. The contention of the ap-
pellant that the plaintiff was only entitled to interest upon the
value of the property as damage for its detention applies only
to property having a fluctuating market value between the
time of the taking and the time has been proven. The rule
in such cases is thus stated by the Supreme Court of Califor-
nia in Page v. Fowler, supra: "In other words, the rule de-
ducible from the authorities is that in cases affecting property
of a fluctuating value, where exemplary damages are not al-
lowed, the correct measure of damages is the highest market
value within a reasonable time after the property was taken,
with interest computed from the time such value was esti-
mated. This, in effect, the rule established in Scott v. Rogers,
31 N. Y. 676, where this precise question was more elaborately

16 S. D.—37

discussed than in any other case." But where, as in the case at bar, the property is not of a fluctuating value, and the plaintiff proves the value of the same at the time of the seizure, he is entitled to the value of the use of the property as damages for the detention. Cobby, § 853; Allen v. Fox, 51 N. Y. 562, 10 Am. Rep. 641. Interest in such a case, added to the value of the property, would not in most cases indemnify the plaintiff against loss. Clearly, in the case at bar interest upon the value of the team from the time of its seizure until the trial would be entirely inadequate. Berthold v. Fox, 13 Minn. 501 (Gil. 462), 97 Am. Dec. 243; 18 Am. & Eng. Ency. Pl. & Pr. 580; 20 Am. & Eng. Ency. of Law (1st Ed.) 1128, 1129.

It is further contended by the appellant that the Court erred in admitting the evidence of the contract between the plaintiff and McKee as to the use of the team during the harvesting season, and such evidence was not admissible as proof of damages. This evidence seems not to have been introduced or admitted upon the question of damages, but for the purpose of showing the relation existing between the plaintiff and McKee in regard to the property. An examination of the record satisfies us that such was the view of the counsel and Court at the time the evidence was admitted. There was ample evidence to prove the value of the use of the team independently of this contract, and hence, if that evidence had been admitted upon the question of the value of the use of the team, it would not constitute reversible error.

Finding no error in the record, the judgment of the Court below and order denying a new trial are affirmed.

HANEY, P. J. (concurring specially). In actions to recover the possession of personal property, I think the jury

should be instructed to find its value at the time of the trial, leaving changes in value between that time and the commencement of the action to be considered in connection with the subject of damages. As the plaintiff in the case at bar was in actual possession when the verdict was returned, the errors of the Circuit Court relating to value were harmless, and its judgment should be affirmed.