## HUSTON v. BENJAMIN et al.

The fact that plaintiff in an action to recover the possession of horses wrongfully seized by defendant sheriff under an execution against another party received the horses as bailee from the purchaser at the execution sale, acknowledging his title thereto, did not preclude plaintiff from recovering the value of the horses of defendant.

(Opinion filed, July 3, 1907.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by R. J. Huston against Stillman J. Benjamin and another. Judgment for defendants, and plaintiff appeals. Affirmed.

*Joe Kirby,* for appellant. *U. S. G. Cherry* and *C. J. Morris,* for respondents.

HANEY, J. Defendant Benjamin owned a team of horses, which were seized by the plaintiff as sheriff under an execution against Bates. Benjamin brought suit to recover possession, without invoking the provisional remedy of claim and delivery, and the horses were sold to McKee, who placed them in Benjamin's pasture. At the time of the trial Benjamin was using the horses under a contract with McKee which recognized the latter's ownership. Judgment was rendered against the sheriff, wherein it was adjudged that Benjamin recover immediate possession, or $150, the value of the horses, if delivery could not be had, damages in the sum of $50, and costs. This judgment was affirmed. Benjamin v. Huston, 16 S. D. 569. The cause having been remanded, the judgment was paid to the extent of the damages and costs, and the present action was instituted to restrain Benjamin and his attorney from attempting to enforce the judgment as to the value of the horses. It was dismissed on the merits, plaintiff's application for a new trial denied, and this appeal taken.

The learned circuit court did not err in finding that the plaintiff herein has not delivered possession of the horses to Benjamin, or any person for him, and has not paid the value of the same, or any part thereof. Nor did it err in deciding that the issue as to the delivery of the property was determined in the action wherein Benjamin was plaintiff and Huston was defendant. The only evidence touching the question of possession in the present action was the same as that received on the trial of the former suit, and, as heretofore stated, it disclosed the fact that after the property was sold under execution the purchaser delivered it to Benjamin as bailee. This took place prior to the trial of the former action. No other delivery was shown or is claimed. If Benjamin was entitled to judgment for the value of the property, in case delivery could not be had, notwithstanding it appeared that he was then in possession as bailee,

and he has acquired no other or different possession since such judgment was rendered, it is difficult to discover any reason for holding that the judgment should not be enforced for the value of the property. If the judgment was valid when entered, and it has not been paid or satisfied by a return of the property, certainly its enforcement should not be enjoined. The only question involved in the present action is whether the delivery of the property to Benjamin as bailee by the purchaser at the execution sale precluded Benjamin from recovering its value of the sheriff. Precisely the same question, based on the same state of acts, was decided in the former action. Benjamin v. Huston, supra. In that case this court said: "It has been held that, where the plaintiff in a claim and delivery action has purchased at a sheriff's sale the property wrongfully taken from him by the defendant as sheriff, he will not be entitled to a judgment for the possession of the same nor its value, and will only be entitled to recover the expenses incurred by him in purchasing the property. Northrup v. Cross, 2 N. D. 433, 51 N. W. 718; Leonard v. Maginnis, 34 Minn, 506, 26 N. W. 733; Cobbey on Repl. § 876. But the law as established in that class of cases is based upon the theory that the paintiff has the absolute and unqualified possession of the property and is not applicable to the case at bar. In our opinion the plaintiff had no such possession of the property, and did not confer upon McKee any such right to the property as would prevent him from recovering an ordinary judgment in claim and delivery." Whether the view then taken of Benjamin's possession by a majority of this court should be regarded as the law of this case or not, it was an authority which the trial court could not ignore, and which should be followed on this appeal.

The judgment of the circuit court is affirmed.