## HUSTON v. BENJAMIN, et al.

Where·the assignment of error was to the insufficiency of the evidence to justify the decision, respondent was entitled to an allowance for printing an additional abstract containing all the evidence.

Where both respondents joined in the brief on appeal, and one, acting as attorney for the other, requested that fees for argument should be taxed in favor of the latter, the clerk properly refused to allow similar fees for the former.

(Opinion filed, August 29, 1907.)

On appeal from the Supreme Court clerk's taxation of costs and disbursements. Affirmed.

For opinion in the case, see 21 S. D. 479, 112 N. W. 842.

*Joe Kirby,* for appellant. *U. S. G. Cherry,* for respondent Benjamin. *C. J. Morris,* for respondent Cherry.

HANEY, J. The judgment of the circuit court in this action having been affirmed (Huston v. Benjamin, 112 N. W. 842), appellant and respondent U. S. G. Cherry appealed from the clerk's taxation of costs and disbursements.

The appellant contends respondents should not have been allowed $45 for printing an additional abstract, for the reason that none was necessary. The contention is not tenable. The principal assignment of error relied upon by the appellant having been the alleged insufficiency of the evidence to justify the decision, respondents did not, we think, exercise unreasonable caution in presenting all the evidence to this court.

Neither is respondent Cherry's contention that he should have been allowed "$5 before argument" and "$15 for argument," in addition to the same items taxed in favor of respondent Benjamin, tenable. Both respondents joined in one brief, both were jointly entitled to recover the items in question, and as Mr. Cherry, acting as attorney for his codefendant, himself, requested that the items be taxed in favor of such codefendant, he has no cause to complain of the action of the clerk, whose taxation is in all respects affirmed.