W. H. HINDS and another *vs.* GEORGE J. BACKUS, Assignee, and another.

January 2, 1891.

**Partnership.**—One partner cannot, without the consent of his copartners, bind the partnership by his agreement, made in the firm name, to apply the partnership property in satisfaction of his individual debts.

**Replevin—Venue.**—Under the proviso in Gen. St. 1878, c. 66, § 49, an action for claim and delivery of personal property wrongfully taken from the plaintiff by a sheriff, under process against a third party, may be brought in the county where the plaintiff resides.

Plaintiffs brought this action in the district court for Hennepin county, against A. F. Howard, sheriff of Mille Lacs county, and a resident of that county, and Geo. J. Backus, a resident of Hennepin county, and assignee in insolvency of the firm of Frank W. Woodcock and Jesse R. Nunn, partners as Woodcock & Nunn, to recover possession of 800 cords of mixed cord wood, piled at a place named in Mille Lacs county. The wood was originally the property of Woodcock & Nunn, and was held by the sheriff under attachment against that firm. Before answering, the defendant Howard moved that the place of trial be changed to Mille Lacs county. The motion was granted by *Young,* J., and the action was thereafter tried in the district court for Mille Lacs county, before *Searle,* J., and the defendant Backus had a verdict for the return of the property or its value, assessed at $1,500, the jury also finding "a verdict for defendant Howard." A new trial was refused, and judgment on the verdict was entered in favor of Backus, from which the plaintiffs appealed. The plaintiffs' claim of title was based on an agreement in writing executed on behalf of his firm by J. R. Nunn, for a sale and delivery to plaintiffs of 800 cords of mixed wood, with the privilege of 1,000, to be delivered on cars, at the price of $1.75 per cord, the purchase money to be applied by plaintiffs in payment of notes of Nunn held by them, when such notes should become due. The defendant Backus alleged that the agreement was made without consent of Woodcock,

the other partner, and that the notes mentioned in it were without consideration and were made at the same time with the agreement, with the purpose on the part of plaintiffs and Nunn to defraud Woodcock and the creditors of Woodcock & Nunn.

*Alexander McCune*, for appellants.

*Penney & Rogers*, for respondents.

VANDERBURGH, J. 1. The defence in this action is predicated chiefly upon the legal proposition, the correctness of which will not be seriously questioned, that one partner has no right to apply the partnership property in payment of his individual debt, without the consent, express or implied, of his copartner. *Viles* v. *Bangs*, 36 Wis. 131; Story, Partn. § 133.

2. The evidence tends to show that the contract under which plaintiffs claim to have acquired title to the wood in controversy was executed in the firm name of Woodcock & Nunn, by J. R. Nunn, one of the partners, and that, by the terms thereof, the wood was to be paid for by applying the same to the amount of the agreed price thereof, in satisfaction of the individual indebtedness of J. R. Nunn to one of the plaintiffs. Under the evidence in the case, it became a fair question for the jury whether the terms of the contract were known to the other member of the partnership, and whether he consented to or ratified the same.

3. So, too, plaintiffs' title to the wood in controversy depended upon the question of the delivery of the wood, prior to the assignment under which defendant Backus claims to hold the same as assignee of the insolvent partnership. The title thereto could not pass until delivered under the contract, and this was left in dispute by the evidence, and was also a question to be determined by the jury. Upon each of these questions, there was evidence sufficient to support the verdict in defendants' favor.

4. The action was brought to recover the possession of the wood in question against the defendant Howard, the sheriff of Mille Lacs county, and defendant Backus, assignee, who are alleged to be wrongfully in possession thereof. The alleged errors which are made the foundation of the second and third assignments of error

consisted in the reception of evidence, over the objection of plaintiffs, which pertained solely to the defences of the defendant Howard, and had no relation to the issues we have referred to, or to the issues between the plaintiffs and the defendant Backus. As the appeal is from the separate judgment in favor of the defendant Backus, it is manifestly entirely immaterial to consider the questions raised by these assignments. It is very clear, however, that no prejudice could have arisen from the admission of the testimony.

5. The partnership articles provided that J. R. Nunn should receive one dollar per day for the use of each of his teams in hauling wood. It is not apparent that the question put to the witness Woodcock on his cross-examination as to the manner in which the firm was to pay for that indebtedness was relevant to any issue in the case, but, if it be so assumed, it was error without prejudice, for the question was subsequently answered by the same witness. And, in respect to the evidence of the witness A. H. Nunn, the question put to him in rebuttal, as follows: "State to the jury the various conversations which led up to the making of this contract,"—was altogether too general, and the court was entirely right in rejecting it, and requiring the question to be made more specific.

6. The plaintiffs also complain of the order of the court, made on the motion of the defendant Howard, changing the place of trial from the county of Hennepin to the county of Mille Lacs, where the trial was subsequently had. This order may be reviewed upon this appeal from the judgment. *Carpenter* v. *Comfort,* 22 Minn. 539. It was not necessary for the plaintiffs to make further formal objection upon the trial of the case. As to this assignment of error, however, the defendants suggest that it nowhere appears from the record that the plaintiffs opposed the motion. But we think this may fairly be presumed from the record. It is true the order does not recite that the motion was opposed by the plaintiffs, but it does not appear to have been made by consent or upon default, but upon the motion of the defendant Howard, all the parties being present, and the plaintiffs' affidavit and the affidavit of the defendant Backus in opposition thereto appear among the files of the papers used on the

motion. The order is informal and carelessly drawn, but we do not think the record warrants the inference that plaintiffs consented to it. This action is for the recovery of personal property alleged to have been wrongfully taken and withheld from the plaintiffs. The plaintiffs claim that they were entitled to have the cause tried in the county of Hennepin, the place of their residence, and where it was brought. In the Revision of 1866, the statute, borrowed from the New York Code, provided that certain actions should be tried in the county where the subject of the action, or some part thereof, is situated, and among others enumerated were actions "for the recovery of personal property distrained for any cause." This was amended in 1876, (Laws 1876, *c.* 51,) so as to read "for the recovery of personal property *detained* for any cause." Gen. St. 1878, *c.* 66, § 47. Subdivision 2, § 48, providing that an action against a public officer, for an act done by virtue of his office, shall be tried in the county where the cause of action arose, remains as it was in the Revision of 1851, and of 1866; but the amendment of 1877 to section 49 provided "that, in an action for the claim and delivery of personal property wrongfully taken, the action may be brought in the county where the wrongful taking occurred, or where the plaintiff resides." This is such an action, and the construction put upon the statute in *Leonard* v. *Maginnis,* 34 Minn. 506, (26 N. W. Rep. 733,) must govern this case. It was there held that the amendment of 1877 operated as a repeal of inconsistent clauses in the existing statute. It was therefore a violation of a legal right of the plaintiffs to change the place of trial in this case, and for this cause a new trial must be granted.

Judgment reversed.