JACOB L. SCHOCH *vs.* WINONA & ST. PETER RAILROAD CO.

Submitted on briefs Nov. 20, 1893.   Affirmed Dec. 13, 1893.

No. 8469.

**Order denying change of venue, reviewed on appeal from the judgment.**

An order granting or denying a motion to change the place of trial may be reviewed on appeal from the judgment.

**Residence of railroad Co.**

In an action against a railroad company in this state, any county in which it has an office, agent, or place of business is to be deemed the residence of such company.

**Same rule as to venue in appeals as in original actions.**

And the same rule applies, as respects the place of residence of such corporations, on applications to change the place of trial in cases appealed from Justice's Court to the District Court as in actions brought in the last-named court.

Appeal by defendant, the Winona and St. Peter Railroad Company, from a judgment of the District Court of Brown County, *B. F. Webber*, J., entered July 14, 1893, against it for $87.19.

The plaintiff, Jacob L. Schoch, commenced this action February 21, 1893, in a Justice's Court at New Ulm to recover $44 for his services as surgeon and physician in treating one Joe Woratchke, a servant of defendant, injured while in its service. He had judgment for $44 and costs. Defendant appealed to the District Court on questions of both law and fact. It then moved the Court on notice and affidavits to change the place of trial of the action from Brown to Winona County on the ground that it was a domestic corporation and its general offices and principal place of business then were and for five years had been at Winona, and that the residence of the corporation was at the last named place. The Court denied the application and the issues were tried in Brown County. Plaintiff had a verdict for $29. Judgment was entered and the Company appealed to this Court and assigned as error the refusal to change the place of trial.

*Brown & Abbott,* for appellant.

Every domestic corporation has some locality where its principal office or place of business is established. It may be properly said to "reside" at such locality, within the meaning of the practice act, fixing the place of trial. *Louisville, C. & C. R. Co.* v. *Letson,* 2 How. 497; *Jenkins* v. *California Stage Co.,* 22 Cal. 537; *Connecticut P. R. Ry. Co.* v. *Cooper,* 30 Vt. 476; *Androscoggin Ry.* v. *Stevens,* 28 Me. 434; *United States* v. *Southern Pac. R. Co.,* 49 Fed. Rep. 297.

*Lind & Hagberg,* for respondent.

The residence of a corporation for the purpose of suit is not confined to the place where its principal office or place of business is located. A corporation resides wherever it exercises its franchise and conducts its corporate enterprise by an authorized agent or officer. It dwells where its business is done. It is present where it is engaged in the prosecution of the corporate enterprize. *Rhodes* v. *Salem, T. & C. B. Corp.,* 98 Mass. 95; *Mooney* v. *Union Pacific Ry. Co.,* 60 Ia. 346; *Richardson* v. *Burlington, &c., R. Co.,* 8 Ia. 260; *Buffalo & S. S. R. Co.* v. *Supervisors,* 48 N. Y. 93; *Harding* v. *Chicago & A. R. Co.,* 80 Mo. 659; *Baltimore & O. R. Co.* v. *Glenn,* 28 Md. 287; *Cowardin* v. *Universal Life Ins. Co.,* 32 Gratt. 445; *Ormsby* v. *Vermont C. M. Co.,* 56 N. Y. 623; *United States* v. *Southern Pac. R. Co.,* 49 Fed. Rep. 297; *Jones* v. *Swank,* 54 Minn. 259.

VANDERBURGH, J. This action was brought and tried in Justice's Court, in the county of Brown. The defendant appealed from the judgment to the District Court in that county, upon questions of both law and fact. It is admitted that the defendant's railway runs through Brown county, and it has a station and a freight and ticket agent at New Ulm, in that county.

The case was properly tried in that county, and the District Court regularly acquired jurisdiction thereof upon the appeal. Thereupon, the defendant demanded that the place of trial be changed from the county of Brown to the county of Winona, on the ground that the defendant's place of residence must be deemed to be in the

latter county because its general offices and place of business are located in that county.

The motion to change the place of trial for that cause having been denied the defendant alleges error on that ground, on appeal from the judgment of the District Court to this court. Such order may be reviewed on appeal from the judgment. *Wilson* v. *Richards*, 28 Minn. 339, (9 N. W. 872;) *Carpenter* v. *Comfort*, 22 Minn. 539; *Hinds* v. *Backus*, 45 Minn. 172, (47 N. W. 655.)

Laws 1889, ch. 161, § 2, provides for the transfer of actions appealed from Justice's Court, when the defendant is not a resident of the county where the Justice resides. The same statute provides for the filing of an affidavit showing the residence of the defendant in another county, and the action may be transferred by order of the District Court.

Upon the application for such order in this case, the question was necessarily raised whether the defendant, by virtue of its local offices and agents in Brown county, must not be deemed a resident of that county. In our judgment, the question may be summarily disposed of. The trial in the Justice Court could only be in Brown county, where the court acquired jurisdiction by force of the statute providing for the service of process upon such corporations. 1878 G. S. ch. 66, § 62. Had the action been commenced in the District Court of Brown county, as it might have been, the place of trial must have also remained in Brown county, because, by 1878 G. S. ch. 66, § 49, that county must have been deemed the place of residence of the defendant. The courts will not hesitate to hold that the same rule should be applied to cases appealed from Justice's Court, and the statutory definition of the residence of corporations in section 49, above referred to, should be applied in both cases.

The court was right in refusing the application, and the judgment should be affirmed.

(Opinion published 57 N. W. Rep. 208.)