STATE ex rel. MONITOR DRILL COMPANY and Another v. DISTRICT
COURT OF WRIGHT COUNTY and Others.[1]

June 17, 1904.

No. 14,015.

**Venue.**

An action against a sheriff for damages for alleged misuse and abuse
of judicial process in his hands for execution, in which the plaintiff in
the writ was joined as codefendant, is properly brought in the county of
the sheriff's residence; and a change of venue cannot be effected by joint
demand of both defendants, under chapter 28, p. 147, Laws 1895. That
statute applies only to actions where the county designated in the com-
plaint is not the proper county for the trial of the action.

On the petition of Monitor Drill Company and William G. Young for
a writ of mandamus directed to the district court for Wright county and
the judge and clerk thereof, the supreme court ordered the parties
named to show cause why the writ should not be issued. Order dis-
charged.

*George S. Grimes, Edwin A. Beeman* and *J. T. Alley,* for relators.
*W. H. Cutting* and *James C. Tarbox,* for respondents.

PER CURIAM.

Application for writ of mandamus commanding the district court of
Wright county to direct the files and records in a certain action to be
transferred to the county of Hennepin.

Peter J. Moody brought an action in the district court of Wright
county against William G. Young, sheriff of that county, and the
Monitor Drill Company, to recover damages for the misuse and abuse
of a civil process in the hands of Young, as sheriff, for service and
execution. The Monitor Drill Company is a Minnesota corporation,
with its place of residence in Hennepin county. After the commence-
ment of the action, before the time for answering expired, proper affi-
davit was made, and the defendants joined in a demand that the place
of trial be changed to Hennepin county. The affidavit and proof of
service of the demand were filed with the district court of Wright

[1] Reported in 100 N. W. 2.

county, and an application was made to respondent, Judge Giddings, for an order transferring the cause to Hennepin county, which application was denied, whereupon application was made to this court for a writ of mandamus commanding him to order the transfer.

Section 5184, G. S. 1894, provides that an action against a public officer for an act done by him in virtue of his office shall be tried in the county where the cause of action arose, subject to the power of the court to change it upon proper application. This action was brought against defendant Young for misconduct in the performance of his duties as sheriff of Wright county, and was properly brought in that county, and a change of venue could be effected only by application to the court upon one of the grounds specified in section 5188.

Chapter 28, p. 147, Laws 1895, has no application to the case. That statute provides that, where the county designated in the complaint is not the proper county, the defendant may effect a change of the place of the trial to the proper county by making proper demand, and filing the same, together with an affidavit of his place of residence, in the office of the clerk of court. Such act on the part of the defendant, where the county designated in the complaint is not the proper county, operates ipso facto to change the venue. But that statute has no application where the action is properly brought in the county designated in the complaint. The fact that in this case the sheriff joined with his codefendant in demanding a change of the place of the trial to Hennepin county does not alter the legal aspect of the case. The venue having been properly made in Wright county, the defendants, by agreement between themselves, could not, as a matter of law, effect the change of venue without the consent of plaintiff.

It is true the sheriff might waive his right to have the action tried in his county, but the waiver, to be effective, must be addressed to and passed upon by the court on a motion for change of venue based upon section 5188.

Order to show cause discharged.