## JOSEPH F. ROSMAN v. BANKERS SURETY COMPANY.[1]

### July 17, 1914.

### Nos. 18,646—(173).

**Drain — contractor's bond.**

    1. Work in dismantling a ditching dredge and reassembling the parts and putting the dredge in condition to perform a drainage contract, performed by an employee of the drainage contractor, is a necessary part of the work incident to the performance of the contract and a proper liability against the surety on the contractor's bond.

[1] Reported in 148 N. W. 454.

Note.—On the question of the nature of labor or materials which will support an action upon a contractor's bond, see note in 43 L.R.A. (N.S.) 162.

**Notice of action — statute inapplicable.**

2. Section 8249, G. S. 1913, requiring notice to be served prior to the commencement of an action on a building contractor's bond has no application to the bond of a ditch contractor.

**Drain — contractor's bond that of public officer.**

3. The provisions of the drainage statute classifying the contractor's bond as an official bond, and declaring the contractor a public officer, places the contractor's bond, in respect to actions thereon, in the same position as other bonds of public officers.

Action in the district court for Red Lake county to recover $175.-33. The facts are stated in the opinion. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the order denying its motion for amended findings or for a new trial, defendant appealed. Affirmed.

*McElwee & Payte,* for appellant.

*G. Halvorson,* for respondent.

BROWN, C. J.

The facts, briefly stated, are as follows: Some time in May, 1910, the board of county commissioners of Red Lake county duly ordered the construction of a certain drainage ditch, designated as county ditch No. 43. A contract for the construction of a part of the ditch was awarded to one Sherwood. To secure the performance of the contract Sherwood, with defendant in this action as surety, executed to the county a bond conditioned in all respects as required by the drainage statutes. Sherwood had a similar contract for the construction of a part of county ditch No. 38, and a similar bond was duly executed to the county. Plaintiff was in the employ of Sherwood as a laborer and claims to have performed certain work in furtherance of the construction of both ditches, of the value, in the aggregate, of the sum of $175.33. He was not paid by Sherwood, and brought this action to recover against the surety on the contractor's bond. The trial below was before the court without a jury and resulted in an order for judgment in plaintiff's favor. De-

fendant appealed from an order denying its motion for amended findings or a new trial of the action.

In a former action involving the same bond, and the liability of the surety thereunder, the legal rights of the parties were fully treated and clearly stated by Mr. Justice Brown, and no further reference thereto need be made at this time. Fay v. Bankers Surety Co. 125 Minn. 211, 146 N. W. 359. The only questions involved in this case are: (1) Whether a part of the work for which plain-tiff claims the right to recover was in furtherance of the construc-tion of the ditch within the meaning of the law, and therefore a liability against the surety; and (2) whether proper notice of plain-tiff's claim was served as required by section 8249, G. S. 1913, if that statute be held applicable to drainage contracts.

1. It appears from the record, and the facts are not in dispute, that at the time the contract in question was awarded to Sherwood he owned a dredging machine and was fully equipped for the per-formance of the work. The machine was at the time in Stevens county, where a similar contract had been performed by Sherwood, and a considerable distance from the field of operations under this contract. Plaintiff performed work and labor in dismantling the machine in Stevens county, loading it upon cars for shipment, and in reassembling the parts and putting the machine in condition for work on the ditch in question. The contention of defendant is that this was not such work as comes within the scope of liability under the contractor's bond, and that the court below erred in allowing the value thereof. In this contention we do not concur. The re-moval of the dredge to the place of the proposed ditch was necessary to enable Sherwood to perform his contract, and was reasonably inci-dent to the performance thereof. This is the test applied by our former decision above referred to, and is in harmony with other decisions upon the question. See authorities cited in the former opinion. It does not follow from this ruling, as contended by de-fendant, that if this be a proper item of liability then the manu-facturer of such a dredge would have a valid claim for the work in the construction of a dredge for use in performing the contract. The rule would not extend so far. In this case the contractor owned

the dredge and, to enable him to perform the contract, it was necessary that it be removed to the place of the ditch and be put in condition for the work. This work was clearly not only incident to the performance of the contract but a necessary part thereof.

2. It is contended that section 8249, G. S. 1913, applies to drainage contracts, like that here involved, and that, since plaintiff failed to give the notice therein provided for, he cannot recover for work performed in the execution of the contract for the construction of the ditches in question. We do not sustain the contention. The statute relied upon provides that no action shall be maintained upon the bond there referred to "unless within ninety days after the completion of the contract and acceptance of the building by the proper public authorities, the plaintiff shall serve upon the principal and his sureties a written notice specifying the nature and amount of his claim * * * nor unless the action is begun within one year after the service of such notice."

A careful consideration of this statute in connection with the provisions of the drainage statute leads to the conclusion that it has no application to the bond here in litigation. The statute, on its face and in connection with other pertinent sections, purports to apply to building contracts only, and has no reference to "official bonds" provided for by the chapter in which that section is found. The original drainage statute (section 15, c. 230, p. 320, Laws 1905) and the statute in force when the contract was entered into, provided that the contractor should be considered as a public officer and his bond an official bond within the meaning of statutory provisions construing official bonds. This provision was carried forward in the revision of 1913, and is found at the end of the second paragraph of section 5537, G. S. 1913. The same provision is also found in the township drainage statute (section 5651, G. S. 1913). Whether this provision was dropped from the statute by the amendment of 1913, p. 838, c. 568, we need not stop to consider. It was in fact incorporated in the revision of that year. Whether properly so or not is not important. It is sufficient that it was in force when this contract was made, and if it is to be given any significance in respect to the question involved must be applied.

The legislature undoubtedly had some purpose in view in classifying drainage bonds as official bonds and the provision referred to cannot, as contended by defendant, be rejected as surplusage. It was a part of the law when this contract was entered into and must be given effect. It declares that the drainage contractor shall be considered a public officer, and his bond an official bond within the meaning of the statute construing such bonds. There are two classes of public bonds, distinctly classified by the statutes, namely, the ordinary official bond, and the public building contractor's bond. Chapter 85, G. S. 1913. As to the former, no notice before suit is necessary; as to the latter a 90 days' notice is required. If we are to apply the statute declaring this bond an official bond, then the provisions of chapter 85, supra, relating to actions thereon, must control. We discover no reason for avoiding such application. The statute is plain and explicit, and its force and effect is to place bonds of this character in the same position in respect to actions thereon as ordinary official bonds. No doubt the legislature might well have required the notice provided for in respect to builders' bonds, but they did not do so, and we have no right to ignore the classification the lawmakers adopted. The other provisions of the drainage act prescribing the form and conditions of the bond are not of importance. They might be controlling in the absence of the express classification and designation of the bond as official. It follows therefore that section 8249, G. S. 1913, has no application to the drainage bond, and the trial court was right in so holding.

This covers all that need be said in disposing of the case. The evidence supports the findings, and there were no errors of a character to justify a reversal.

Order affirmed.