## AARON E. WOLD v. BANKERS SURETY COMPANY.[1]

### May 19, 1916.

### Nos. 19,674—('78).

**Drainage statutes.**

1. The several drainage statutes of this state, including chapter 470, Laws 1907, and chapter 230, Laws 1905, and subsequent amendments thereof, all relating to one general subject, namely, the drainage of wet and overflowed agricultural lands, are in *pari materia*, and should be construed together as one law.

**Drain — contractor's bond — action on bond.**

2. The provisions found in the judicial and county drainage statutes, declaring the contractor's bond given therein to secure the performance of the contract an "official bond," *held* applicable to the bond given in state drainage proceedings conducted under chapter 470, Laws 1907, and that it is unnecessary to comply with section 8249, G. S. 1913, requiring notice to the contractor and his surety before action is brought upon the bond.

Action in the district court for Roseau county against James Forrestal and Nicholas Feyen and Bankers Surety Company to recover $203.80 upon the bond of defendants to the state of Minnesota, acting through the state drainage commission, for the performance of their contract to construct the ditch known as State Ditch No. 69. The answer of defendant surety company set up that plaintiff did not serve defendant

[1]Reported in 157 N. W. 998.

with a written notice of his claim within 90 days after completion of the contract and the acceptance of the work as required by the statute, and that the action was begun more than one year after the last date on which such notice could have been served. From an order sustaining plaintiff's demurrer to the foregoing allegations of the answer, Watts, J., defendant surety company appealed. Affirmed.

*Barrows, Stewart & Ordway,* for appellant.

*Theo. Quale,* for respondent.

BROWN, C. J.

This action was brought to recover upon a drainage contractor's bond, for labor performed in the construction of the drain, in which defendant, the surety, interposed in defense that the notice of claim required to be given by section 8249, G. S. 1913, was not served within the time prescribed by that statute or at all; for the failure to serve which defendant claimed that plaintiff's right of action on the bond is barred. Plaintiff demurred to this part of the answer, and defendant appealed from an order sustaining the same.

Two classes of public bonds are created by chapter 95, G. S. 1913, namely: (1) Those given by all public officers, termed official bonds; and (2) those required of public contractors, termed bonds of public contractors. As to the former, suit may be brought thereon, by leave of court, in the same manner and within the same time as upon other contract obligations. As to the latter, the contractor's bond, section 8249 provides that no action shall be maintained thereon unless within 90 days of the "completion of the contract and acceptance of the building" the plaintiff shall give notice of his claim to the contractor and his sureties; nor unless the action is brought within one year thereafter.

The only question presented is whether the bond involved in this action comes within the second class, entitling defendant to notice before suit.

The bond given by a contractor in judicial or county drainage proceedings is expressly declared by the statutes controlling those proceedings an "official bond." Section 5537, G. S. 1913. We held in Rosman v. Bankers Surety Co. 126 Minn. 435, 148 N. W. 454, that section 8249 has no application to actions brought thereon, and this because of the

express declaration by the legislature that such bonds should be so construed. The bond in suit was given in proceedings conducted by the state drainage board under the provisions of chapter 470, p. 730, Laws 1907. That statute contains no provision classifying the bonds given in such proceedings, similar to the provisions of the judicial and county drainage statutes or otherwise, and herein is the foundation of defendant's contention that, since the bond was given to secure the performance of a public work, it comes within section 8249, and that notice before suit is necessary. Taking the act of 1907, in proceedings under which this bond was given, by itself, and construing it independently of the other drainage statutes, defendant's contention is well supported, for the bond there required is given to secure the performance of a public work, in no proper sense is it an official bond, and can become such only by force of legislative declaration that it shall be so construed. So that if chapter 470 were to be considered alone, and without reference to its relation to its companion drainage statutes, section 8249 would apply and end this action. But we think the statute should not be construed alone, but rather in connection with the judicial and county drainage statutes of which it forms a part. Chapter 470 was but an extension of the general drainage system of the state, and conferred upon the state drainage commission, a board created by the act, authority not theretofore possessed by the then existing drainage agencies. The several statutes form one complete drainage system, one consistent whole, they are in *pari materia,* for they relate to the same subject matter, and should be construed together. Prior to the enactment of chapter 470, the legislature had taken particular pains, in the other drainage statutes, to classify bonds given in such proceedings as official bonds, for what purpose we need not stop to consider, and no sound reason can be assigned to sustain a holding that, by the omission of a like classification in this statute, there was an intention on the part of the legislature to depart from its general policy with respect to such bonds, and to place those given under the new statute upon a different footing from those given under the other drainage statutes. Such a result would lead only to confusion in the law, a situation to be avoided in the construction of the statutes. And, adopting as sound the statement of Judge Wayne, in United States v. Freeman 3 How. (U. S.) 556, 11 L. ed. 724, a case

involving the construction of statutes in *pari materia,* that "if a thing contained in a subsequent statute be within the reason of a former statute, it shall be taken to be within the meaning of that statute," we hold that the bond in suit must be construed as an official bond, as declared by the county and judicial drainage statutes. The provisions of the statutes so declaring were in force when this bond was given.

Order affirmed.