COUNTY OF BLUE EARTH v. BISBALLE CONSTRUCTION COMPANY AND ANOTHER.[1]

March 5, 1926.

No. 25,407.

**Venue of action on drainage bond.**

Application for mandamus to change venue of action denied—Previous to enactment of section 9217, G. S. 1923, an action involving a drainage bond was a local action under section 9208. [Reporter.]

Drains, 19 C. J. p. 691, n. 11 New.
Venue, 40 Cyc. p. 88, n. 35 New.

[1]Reported in 207 N. W. 648.

Action begun in the district court for Blue Earth county against a contractor and surety on a county drainage project for damages for negligence in performance of contract. A proper demand for a change of venue to Lincoln county was made. The clerk refused to transmit the files, and the court denied defendants' motion to direct him to do so. Upon the application of the defendant this court issued its order to show cause why a peremptory writ of mandamus should not be issued commanding the transfer of the action to Lincoln county. Order to show cause discharged.

Freeman & Smith, J. W. Schmitt and H. W. Volk, for appellant.

C.. J. Laurisch and A. C. Fosness, for respondent.

PER CURIAM.

Action begun in the county of Blue Earth by that county against the contractor and the surety in a county drainage project for damages on account of the negligent performance of the contract. The contractor is a Minnesota corporation with its sole office in Lincoln county, and the surety is an Iowa corporation. The contractor with the consent of the bonding company made proper demand for a change of venue to Lincoln county. The clerk of the court refused to transmit the files, and the court denied defendants' motion to direct him to transmit them, and this application for a writ of mandamus to change the venue followed.

It is probable that G. S. 1923, § 9217, was added to our venue statute because of the decision in State ex rel. Wilkins v. Tryholm, 139 Minn. 389, 166 N. W. 533, holding actions on bonds given pursuant to G. S. 1923, § 9700, transitory, and therefore, because of the distinction drawn between such bonds and drainage bonds in the prior decisions of Rosman v. Bankers Surety Co. 126 Minn. 435, 148 N. W. 454, and Wold v. Bankers Surety Co. 133 Minn. 90, 157 N. W. 998, said § 9217 should be construed as applying only to bonds given under § 9700. But we think actions involving drainage bonds, previous to the enactment of § 9217, were local actions under § 9208, which provides that "actions against public officer * * * for acts done by virtue of such office * * *, shall be tried in the county in which the cause of action arose, * * *,"..for by G. S. 1923, § 6690, relating to drainage contractors and the bond required of them, it is provided: "Such contractor shall be considered a public officer and such bond an official bond within the meaning of the statutory provisions construing such official bonds, of public officers as securing to all persons and providing for action on such bonds by any injured party in the district court." The filing of such bond in the county where the cause of action arose, and, as in drainage proceedings, where all the multitudinous records are in

the offices of the county officials suggests appropriate reasons for construing actions like the present as coming within the provision of § 9208.

The order to show cause is discharged.