STATE EX REL. IVAN AND MILDRED BOWEN v. DISTRICT COURT OF BLUE EARTH COUNTY AND OTHERS.[1]

February 14, 1930.

Nos. 27,943, 27,944.

[1]Reported in 229 N. W. 318.

*Boutelle, Bowen & Flanagan,* for relators.

*H. L. & J. W. Schmitt, Charlotte Farrish* and *Thomas H. Hodgson,* for respondents.

PER CURIAM.

. Actions brought to recover damages for misuse or abuse of process. The plaintiffs reside in Hennepin county, and the gist of the actions appears to be the unlawful invasion of their home to serve process on some person concealed therein and to apprehend such person as a fugitive from justice.

The complaints allege that the defendant Cords was the sheriff of Blue Earth county and defendants Wright and Purdham residents of Hennepin county. The actions were brought in Hennepin county. On proper demand of defendant Citizens Loan & Trust Company, a corporation whose sole place of business is in Blue Earth county, joined in by Cords and Purdham, the clerk of court of Hennepin county transmitted the files to the district court of Blue Earth county. Upon the complaints and the records and files plaintiffs moved the court to remand the actions to the district court of Hennepin county. The motions were denied, and plaintiffs procured from this court orders to show cause why writs of mandamus should not issue. To the orders to show cause the judge and clerk of the district court of Blue Earth county make a return, and among other matters certify that no answers were on file or before the court when plaintiffs' motions were heard and denied.

The general rule is that a defendant in a transitory action is entitled to have a trial in the county of his residence, and a corporation defendant in the county where is located its principal place of business. Under that rule Blue Earth county was the proper place of trial. But plaintiffs invoke G. S. 1923 (2 Mason, 1927) § 9208, which reads:

"Actions against a public officer, or person specially appointed to execute his duties, for acts done by virtue of such office, and against any person for like cause who has acted in place or in aid of such officer, and actions to recover penalties or forfeitures imposed by statute, shall be tried in the county in which the cause of action arose."

It may be a question of some doubt whether this statute was intended to protect the interest of a plaintiff who deems himself wronged, or that of the accused officer, or that of the public. The activities of some public officers do not extend outside the county or town wherein is their office; others, like a sheriff, have authority to execute a warrant of arrest anywhere in the state. The sheriff of a large county, as for instance Hennepin, a busy officer with many deputies, called on to make arrests in distant counties of the state, might be subjected to trial in such counties on charges of misuse or abuse of process so as to interfere with his public duties in the county of which he is the sheriff. In Tullis v. Brawley, 3 Minn. 191 (277) the court regarded the statute as conferring a personal privilege on the officer, which he might waive. And in State ex rel. Monitor Drill Co. v. District Court, 92 Minn. 402, 100 N. W. 2, the syllabus states:

"An action against a sheriff for damages for alleged misuse and abuse of judicial process in his hands for execution, in which the plaintiff in the writ was joined as codefendant, is properly brought in the county of the sheriff's residence; and a change of venue cannot be effected by joint demand of both defendants."

In both these cases the proper county appears to be the county of the officer's residence.

But that aside, the complaints in these two cases are so vague in regard to the acts of the sheriff that it is difficult to connect the same with judicial process or official duty; hence the actions cannot clearly be classified as within the purview of the statute quoted. Moreover, the corporation defendant could not well act in aid of the sheriff, either in serving process or in apprehending a "fugitive from justice." Where one not an officer was made defendant with the officer, it was held that the plaintiff was not entitled to retain the venue though it was laid in the proper county under a similar statute. Lamson Consolidated S. S. Co. v. Speir, 6 N. Y. S. 577. And some members of the court are of the opinion that to avoid conflict between G. S. 1923 (2 Mason, 1927) § 9215 and § 9208, the latter should be construed as applying to actions against persons therein enumerated and to no others, and that where the plaintiff elects to join others he removes the case from the scope of that statute and puts it under the general rule, giving the majority of the defendants the right to select the place of trial.

The orders to show cause are discharged and the writs denied.

Wilson, C. J. took no part.