## STATE EX REL. F. T. STARKEY AND OTHERS v. DISTRICT COURT ST. LOUIS COUNTY AND ANOTHER.[1]

September 12, 1939.

No. 32,218.

*J. A. A. Burnquist,* Attorney General, *Chester S. Wilson,* Deputy Attorney General, *George B. Sjoselius,* Special Assistant Attorney General, for relators.

*M. J. McKeon,* for respondents.

[1]Reported in 287 N. W. 601.

Per Curiam.

Order to show cause why a peremptory writ of *mandamus* should not issue from this court commanding the district court of St. Louis county and Mark Nolan, judge thereof, to transfer to Ramsey county the files in a proceeding instituted in the aforementioned district court by Francis C. Daugherty against F. T. Starkey, J. D. Williams, and N. H. Debel, individually and as members of the industrial commission of the state of Minnesota. Daugherty, representing that he had been dismissed as an employe of the industrial commission by the commission in violation of 1 Mason Minn. St. 1927, §§ 4368 and 4369, petitioned the district court of St. Louis county for an order to show cause why he should not be reinstated. The order issued. The members of the commission then made a demand, pursuant to 2 Mason Minn. St. 1927, § 9215, for a change of venue to Ramsey county, the residence of two of such members. The demand was made on the further ground that the action was against public officials for acts done by virtue of their office and that they were entitled under 2 Mason Minn. St. 1927, § 9208, to have it tried in Ramsey county, where the cause of action, if any, arose. The clerk of court in St. Louis county, in accordance with instructions from the respondent judge, refused to transfer the files. The commission members thereupon made application to this court for a writ of *mandamus* to compel the transfer.

The record discloses and the return to the alternative writ issued by this court states that the action was against public officers for acts done by virtue of such office. It therefore seems clear to us that relators are entitled to a writ commanding the transfer of the files under 2 Mason Minn. St. 1927, § 9208, which reads:

"Actions against a public officer, or person specially appointed to execute his duties, for acts done by virtue of such office, and against any person for like cause who has acted in place or in aid of such officer, and actions to recover penalties or forfeitures imposed by statute, shall be tried in the county in which the cause of action arose: Provided, that if the act for which the penalty or forfeiture is imposed be committed upon a lake or stream extending into, or

bordering upon, more than one county, such action may be tried in any of said counties."

1 Mason Minn. St. 1927, § 4037, provides:

"The Commission shall keep its office at St. Paul and shall be provided by the custodian of state property with suitable rooms and necessary furniture. The Commission may, however, hold sessions at any other place in the state when the convenience of the Commission and the parties interested so requires."

There is nothing in the record to indicate that the action of the commission in dismissing Daugherty occurred at any place other than at its office in St. Paul. Such being the case, petitioner's cause of action, if any there is, arose where the order of dismissal was made and filed. Consequently, under § 9208, the members of the commission are entitled to have the case tried in Ramsey county.

Let the writ issue.