Richard M. Rosenbaum, J.
Petitioners bring an article 78 proceeding in the nature of prohibition on behalf of parents, guardians and relatives of residents at Sampson State School and on behalf of residents of said school and on behalf of employees at said school, prohibiting the respondents, who are the New York State Commissioner of Mental Hygiene and the Mental Hygiene Department of New York State, from closing the Sampson State School, from transferring any residents from the said school, or terminating any of the services afforded the said school. Contained in the order to show cause is a provision staying the respondents or anyone acting under them from taking any action which will have the effect of closing the school until this application has been determined.
The thrust of petitioners’ prayer is that Sampson is unique for its mentally defective residents in that it is situated in a *546 community used to the mentally handicapped, which creates a reassuring environment for them and it is spacious and has a particularly competent staff. Further, that many of the patients at Sampson have been there a number of years, consider it to be their home and would be damaged as to their mental condition by being uprooted. In addition, petitioners say the institutions to which the patients will be removed are already overcrowded and understaffed. It is the contention of the petitioners that the decision of the respondents is wholly without authority and is not lawful under the Mental Hygiene Law of New York State or even if the respondents do have such authority they acted arbitrarily and capriciously in this instance. In a separate alleged cause of action on behalf of employees of Sampson, certain employee-petitioners contend that if Sampson is closed they will lose their jobs. They say that they have become particularly well qualified, having worked at Sampson and have a home and ties in the community. They further say that they may not be able to get a comparable job and are most happy where they now reside.
The respondents disagree with petitioners’ contentions and submit affidavits to support their contentions.
The respondent Commissioner is empowered to direct, supervise and control the powers and duties of all divisions, bureaus, officers and employees of the Department of Mental Hygiene. (Mental Hygiene Law, § 4.) The respondent Commissioner may adopt such rules and regulations covering the management of such institutions as Sampson as he may deem necessary to insure the comfort and promote the welfare of the patients in these institutions. (Mental Hygiene Law, § 7, subd. 5. See, also, § 7 subd. 10, par. [b].) In addition, the 'Commissioner’s approval is required for construction of a facility. (Mental Hygiene Law, § 424.) It would seem that his approval for elimination is impliedly required.
In the case of Goodman v. State of New York (37 A D 2d 703) which involved similar issues, the Appellate Division, First Department in reversing Supreme Court, New York County, and dismissing the petition, held that: ‘ ‘ The Commissioner of Mental Hygiene has so acted in the exercise of discretion as the ‘least harmful alternative’ available in the face of the drastic budget cuts made by the Legislature in its recent session. Despite some disagreement in the evidence at Special Term as to the possible effect on some patients, nothing is found from which 'to infer that the Commissioner acted upon other than a substantial basis of information and professional opinion. The Legislature, it appears, has not provided sufficient funds to continue to maintain all schools for mental retardates as presently done. It thus *547 becomes the Commissioner’s duty so to use the resources of his department as to provide the maximum of services and facilities required by law to be furnished. * * * Indeed, the preamble to the act of appropriation (L. 1971, ch. 50) states specifically that ‘ Notwithstanding the provisions of the state finance law, the amount provided for any program within a schedule or schedules for a department or agency may be increased or decreased by interchange with any other program within each such schedule or schedules with the approval of the director of the budget ’. This the Commissioner has done, even to having secured 1 approval of the director of the budget. ’ See, also, the provisions of subdivision 1 of section 50 of the State Finance Law, with which the Commissioner has complied. And, in any event, by virtue of the provisions of subdivision 3 of section 10-a of the Mental Hygiene Law, the Commissioner has full authority to transfer patients from one institution to another for cause.” Further, in the Matter of Penders v. Miller and McGuinness, the United States District Court for the Western District of New York, August 1971, held that it is not the function of courts to impose upon the State their views of what constitutes wise economic or social policy. This court heartily agrees.
In the opinion of this court the employees have no standing. They have not demonstrated personal aggrievement with regard to the Legislature’s action in reducing the budget. (Hidley v. Rockefeller, 28 N Y 2d 439.) It is hard to understand how employees, private or public, can ask to enjoin the termination of their place of employment on the ground that they have established roots in the community where they work or reside.
According to CPLR 506 (subd. [b]) this type of proceeding shall be commenced in any county within the judicial district where the respondent made the determination complained of or where the material events otherwise took place. The determination was made and the material events took place in Albany County. Accordingly this proceeding should have been brought in the Third Judicial District. However, this court saw fit to decide the matter on the merits in order to avoid further repetition in litigating the issues involved herein.
The petitioners’ motion is denied and the cross motion to dismiss the action is granted, without costs. The stay contained in the order to show cause is, of course, vacated.