EBENEZER SOCIETY AND ANOTHER v. MINNESOTA
STATE BOARD OF HEALTH.
VILLAGE OF BURNSVILLE, INTERVENOR.

223 N. W. 2d 385.

September 13, 1974—No. 45175.

*Warren Spannaus*, Attorney General, *Peter W. Sipkins*, Solicitor General, *Richard G. Mark*, Assistant Solicitor General, and *John A. Breviu*, Special Assistant Attorney General, for petitioner.

*Leonard J. Keyes, John R. Kenefick*, and *Briggs & Morgan*, for respondents.

PER CURIAM.

Petitioner Minnesota State Board of Health seeks a writ of mandamus compelling the Dakota County District Court, Judge Lawrence L. Lenertz, to change the venue of the instant matter to Hennepin County. Petitioner relies on Minn. St. 542.03,[1] or in the alternative, Minn. St. 542.09[2] and 542.11.[3] This court issued an order to show cause why venue should not be changed; a second order stayed all proceedings in the Dakota County District Court. Writ of mandamus granted. For reasons appearing below, the order staying proceedings is wholly discharged.

Respondents Ebenezer Society and Fairview Community Hospitals seek injunctive and declaratory relief from provisions of the Minnesota Certificate of Need Act, Minn. St. 145.71 et

---

[1] "Actions against a public officer, or person specially appointed to execute his duties, for acts done by virtue of such office, * * * shall be tried in the county in which the cause of action arose."

[2] "All actions not enumerated in sections 542.02 to 542.08 and section 542.095 shall be tried in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose. * * *"

[3] "The venue of any civil action may be changed by order of the court in the following cases:

\* \* \* \* \*

(4) When the convenience of witnesses and the ends of justice would be promoted by the change."

seq.[4] and from certain actions of petitioner in applying that legislation to respondents' efforts to construct a nursing home-community health center in Dakota County. Intervening as a plaintiff in that suit and also a respondent herein is the village of Burnsville.

In a related matter which petitioner puts before the court, petitioner seeks relief from the administrative order of the Governor's Certificate of Need Appeal Board[5] directing petitioner to issue the certificate of need to respondents. In that case, which developed out of the same facts as the first described suit, petitioner's legal action takes the form of an appeal of an administrative order to the Ramsey County District Court, whence the matter was transferred to Dakota County upon respondents' motion.[6] We address ourselves to the venue question in the entitled suit despite respondents' successful appeal to the Certificate of Need Appeal Board because reinstatement of the Board of Health's decision by a trial court or this court would leave un-

---

[4] The provisions of that enactment are not before us on their merits. The statute generally provides that the State Board of Health grant or deny certificates of need for construction or modification of health care facilities within this state when application is made for them as the law requires.

[5] Established by Minn. St. 145.81.

[6] This second lawsuit, Minnesota State Board of Health v. Governor's Certificate of Need Appeal Board, Ebenezer Society, Inc., and Fairview Community Hospitals, Inc., was not consolidated with the first lawsuit either at the time of the venue hearing below or by the time the issues were argued here. We nevertheless stayed all proceedings, including those in this second lawsuit. Different venue considerations may be present in that litigation. We do not now pass on the merits of a change of venue with respect to that lawsuit. We do note that the parties are similar and that the substantive issues may be not unlike those eventually to be tried in the first lawsuit. In light of our decision here, a motion may be appropriate below with respect to the venue of the second lawsuit. To facilitate consideration of these and other issues in that case, the order staying proceedings in the Governor's Appeal Board case is discharged.

answered respondents' equitable and declaratory claims raised by their complaint in the instant lawsuit.

Ridge Lutheran Home, Inc., not a party to this litigation, began construction of a health care facility in the village of Burnsville, Dakota County, in 1966. Subsequently encountering financial difficulties, Ridge Lutheran defaulted in its bond obligations and ceased construction in 1967 with the project some 60 percent completed. The Dakota County District Court ordered Ridge Lutheran into a receivership status and in 1970 the court imposed a constructive trust on the Dakota County structure. The court directed the receiver to dispose of the building; early in 1972, respondent Fairview purchased the property with the approval of the court, Judge Lawrence L. Lenertz sitting.

Thereafter, Fairview and Ebenezer pursued acquisition of the certificate required by § 145.71 et seq. to complete or to construct the health care facility in accordance with prevailing law. Petitioner first had occasion to review respondents' application in December 1972, when it referred the proposal back to a statutory screening committee separate and distinct from petitioner or its members. Upon receipt of a second report from that committee, the application was rejected by petitioner in May 1973. Petitioner voted to reconsider in June 1973, and on September 13, 1973, the application was finally rejected. After each rejection, respondents appealed to the Governor's Certificate of Need Appeal Board, and on or about April 25, 1974, respondents obtained the administrative reversal petitioner contests in its May 17, 1974, appeal to the Ramsey County District Court. As we have noted, the Ramsey County action was transferred to Dakota County on June 14, 1974, in the interests of justice.

It is undisputed that the State Board of Health reached all its decisions with respect to respondents' application in meetings held at the Board's offices located in the Department of Health Building. That building is found in the city of Minneapolis, County of Hennepin.

Respondents also moved to obtain judicial relief on September

13, 1973, by initiating the first Dakota County action.[7] Petitioner then timely demanded and moved[8] for a change of venue to Hennepin County. Laying particular stress on the situs of the structure, its partial completion prior to the effective date of the legislation in question, and the receivership history, the trial court denied petitioner's demand and motion.[9]

As we see it, the court is faced with these basic issues: (1) Whether petitioner has elected the proper mode by which to seek relief and whether such relief has been timely sought; (2) whether petitioner is a "public officer" within the meaning of § 542.03; (3) whether petitioner has been sued for acts done by virtue of such office; and (4) whether the cause of action arose in Hennepin County or Dakota County.

1. Respondents reason that petitioner has selected an improper procedural vehicle and that in any event, relief has not been timely sought. It is urged that an appeal should have been taken from the order below, rather than a writ petitioned for; furthermore, if mandamus be proper, a reading of Rules of Civil Appellate Procedure, Rules 104.03[10] and 104.01,[11] together with Rule

---

[7] Respondents' complaint, in five claims for relief, as we read it alleges in effect that the order of the Board in denying the Certificate of Need should be declared void either because the statute on which it was based was not intended to be applied to the facility in question or, if otherwise, the law produces an unconstitutional result in its application by petitioner to these circumstances, or petitioner violated certain fundamental procedural rights of respondents.

[8] Pursuant to Minn. St. 542.10. Demand was made October 1, 1973, and at the request of the trial court a motion was made October 16, 1973.

[9] Memorandum opinion of the Honorable Lawrence L. Lenertz, Judge of the Dakota County District Court.

[10] "Except as otherwise provided by statute, an appeal from the final order * * * affecting a substantial right made in a special proceeding must be taken within the time limited for appeal from an order." We intimate no view on whether a venue hearing is a "special proceeding."

[11] "An appeal * * * may be taken * * * from an order within 30 days after service of written notice of filing thereof by the adverse party."

120 governing mandamus, requires the conclusion that petitioner delayed too long. The petition was filed here on June 14, 1974, 46 days following service of the notice of entry of the trial court's order denying venue change. We cannot agree with either proposition.

It has been the long accepted practice in this state to seek review of a venue order by petitioning this court for a writ of mandamus. E.g., Castle v. Village of Baudette, 267 Minn. 140, 125 N. W. 2d 416 (1963), and cases cited therein. We are not disposed to alter that practice in this instance.

While we are persuaded for reasons of sound judicial administration that under most circumstances it would be advisable for those seeking venue relief by way of mandamus to act within the time prescribed in Rule 104.01, the court continues to be of the opinion that it must remain free to exercise its discretion in granting or denying a petition for writ of mandamus, whether the petition is filed early or late in the course of litigation. Rule 120 provides no other guide. See, Sinell v. Town of Sharon, 206 Minn. 437, 289 N. W. 44 (1939); State ex rel. Barnes v. Tauer, 178 Minn. 484, 227 N. W. 499 (1929); State ex rel. Phillips v. Neisen, 173 Minn. 350, 217 N. W. 371 (1928). We are not pointed to, nor do we observe, any prejudice suffered by respondents in light of petitioner's delay. The petition is timely.

2. Petitioner argues that the lower court erroneously construed Minn. St. 542.03 and 542.09. Respondents take the opposite position in support of the lower court, contending that the general venue provisions of § 542.09 control; venue was proper, it is suggested, since some part of the cause of action allegedly arose in Dakota County.

Petitioner bears the burden of establishing its position under § 542.03. See, Misgen v. Herda, 260 Minn. 66, 108 N. W. 2d 624 (1961). To do so here, it must demonstrate, both by its trial court affidavit in support of change and by its affidavit in support of petition for writ of mandamus, that § 542.09 requires application of § 542.03 when the two conflict; that petitioner is a "public

officer" within the meaning of § 542.03; that petitioner has been sued "for acts done by virtue of such office" under § 542.03; and that venue is proper in Hennepin County. We think petitioner has met its burden.

The language of § 542.09 is plain. The legislature has clearly enunciated a preference for certain venues over the general venue otherwise described by that section. Since § 542.03 refers to an action "enumerated in sections 542.02 to 542.08," if applicable, § 542.03 takes precedence over the general venue rules of § 542.09.

Respondents next contend that petitioner is not a "public officer" since it is a legal entity separate from its constituent members, who are public officers.[12] The trial court correctly accepted petitioner as a public officer, but misconstrued the effect of such a determination by concluding that a choice of venue nonetheless existed.

Minnesota case law has previously addressed only the questions of whether and how § 542.03 applies to a single individual or to separately sued individuals of an otherwise identifiable group. State ex rel. Starkey v. District Court, 206 Minn. 54, 287 N. W. 601 (1939); State ex rel. Bowen v. District Court, 179 Minn. 583, 229 N. W. 318 (1930); Blue Earth County v. Bisballe Constr. Co. 166 Minn. 499, 207 N. W. 648 (1926); State ex rel. Monitor Drill Co. v. District Court, 92 Minn. 402, 100 N. W. 2 (1904); Hinds v. Backus, 45 Minn. 170, 47 N. W. 655 (1891); Leonard v. Maginnis, 34 Minn. 506, 26 N. W. 733 (1886). Cf. Tullis v. Brawley, 3 Minn. 191 (277) (1859). Nothing in those cases forecloses petitioner's argument.

A significant and persuasive body of foreign law supports petitioner's claim that it is a "public officer." Regents of the University of California v. Superior Court, 3 Cal. 3d 529, 91 Cal. Rptr. 57, 476 P. 2d 457 (1970); Coats v. Sampson County Memo-

---

[12] 63 Am. Jur. 2d, Public Officers and Employees, § 22. See, also, 67 C. J. S., Officers, § 2; 92 C. J. S., Venue, §§ 53 to 55.

rial Hospital, Inc. 264 N. C. 332, 141 S. E. 2d 490 (1965); Tudesque v. New Mexico State Board of Barber Examiners, 65 N. M. 42, 331 P. 2d 1104 (1958); State ex rel. State Board of Education v. District Court, 290 P. 2d 413 (Okla. 1955); Godfrey v. Tidewater Power Co. 224 N. C. 657, 32 S. E. 2d 27 (1944); State ex rel. Hawley v. Industrial Comm. 137 Ohio St. 332, 30 N. E. 2d 332 (1940). The thrust of these decisions is that boards, commissions, and their like can only act through the members that fill their ranks; it follows that no distinction can be drawn in law or logic between the sum of the parts and the whole. We have been cited to no authority, nor have we discovered any, adopting respondents' position.

Petitioner is defined by Minn. St. 1971, § 144.01, as amended by L. 1973, c. 638, § 1, to "consist of 15 members" drawn from specified areas of the community. It is a mosaic of individual public officers. It cannot act nor can it exist without the presence and participation of its member parts. It is the composite of its public officers that defines petitioner, the courses of conduct it chooses, and the policy positions it advocates. In substance and effect, petitioner is no different from any other entity, legal or real, with characteristics that identify it as a "public officer" within the meaning of § 542.03.

3. Minn. St. 542.03 provides a special venue for actions against public officers "for acts done by virtue of such office." In defense of the trial court's reliance on § 542.09, respondents have strenuously asserted that the cause of action did not wholly arise because of petitioner's acts of office but existed in part independently of any such acts, referring to the First Claim for Relief:

"The Certificate of Need Act, (Minn. Stat. § 145.71, et seq.), applies only to health-care facilities as to which construction or modification was commenced after September 1, 1971. It has no applicability to the plaintiffs' project where construction was commenced in 1967 and was 60% completed as of the effective date of the Act."

We believe that a fair reading of respondents' complaint [13] necessitates the conclusion that the essence of the matter, both in its entirety and in its individual claims for relief, relates to the acts of petitioner in impeding respondents' efforts to construct or modify a health care facility. The statute is therefore satisfied.

In Hawley, the court observed:

"His [the aggrieved party's] alleged right, his claimed wrong, and the relief he demands—the elements of his alleged cause of action which makes necessary the action itself—are all centered in the commission * * *. [A] cause of action 'arises' at the place where the facts creating the necessity for bringing the action occur." 137 Ohio St. 335, 30 N. E. 2d 333.

The crucial distinction to be made here with respect to the only claim for relief in dispute, the first, is between facts which create the necessity for litigation and those which are only essential to the cause. The former indicate that the action is against a public officer "for acts done by virtue of such office"; the latter merely set the stage for the public officer to act in his official capacity. Until he acts or can be shown to be about to act, the "essential facts" are without legal import.

Here, it is essential to the cause of action as described in the First Claim for Relief that certain facts exist for respondents, e.g., that Fairview owns a partially completed structure in Dakota County, that respondents contemplate construction of a health care facility there, and that a statute purports to govern such construction.

But respondents had no complaint and no cause of action until such time as certain crucial facts came into existence creating the necessity, for those who thereby became aggrieved, to seek judicial redress. Here, petitioner correctly points out that the necessary facts giving rise to the asserted claims for relief revolve about petitioner's acts in application of Minn. St. 145.71

[13] See, footnote 7, *supra.*

et seq. to prevent construction of the proposed facility. If the statute has no proper applicability to the Dakota County facility, it was petitioner's acts in employing it that necessitated respondents' lawsuit.

4. Once petitioner has qualified under § 542.03, it must be decided where the cause of action arose in order to select the appropriate venue. The Starkey case is informative in this respect. There, an employee of the Industrial Commission alleged that he had been improperly dismissed from his St. Louis County post. Among other things, defendants alleged that the cause of action arose in Ramsey County and sought a change of venue from St. Louis County. This court applied § 542.03 (then Mason St. 1927, § 9208) and concluded that the cause of action arose where the decision which dismissed the employee had been made and filed. Venue was ordered changed to Ramsey County. Accord, McDonald v. State, 86 S. D. 570, 199 N. W. 2d 583 (1972) ; Semple v. Miller, 67 Misc. 2d 545, 324 N. Y. S. 2d 369 (S. Ct. 1971) ; State ex rel. Barber v. Rhodes, 165 Ohio St. 414, 136 N. E. 2d 60 (1956) ; State ex rel. State Board of Education v. District Court, 290 P. 2d 413 (Okla. 1955) ; Huerter v. Hassig, 175 Kan. 781, 267 P. 2d 532 (1954) ; Timmerman v. Board of Education, 272 App. Div. 1075, 75 N. Y. S. 2d 273 (1947) ; State ex rel. Hawley v. Industrial Comm. 137 Ohio St. 332, 30 N. E. 2d 332 (1940) ; Meeker v. Scudder, 108 Ohio St. 423, 140 N. E. 627 (1923) ; College of Physicians v. Guilbert, 100 Iowa 213, 69 N. W. 453 (1896). Although some of the reported cases go so far as to hold that, no matter where the actual decision was made or act took place, the decisions or acts are officially placed in the county of residence, we intimate no view on that conclusion. But, see, State ex rel. Starkey v. District Court, 206 Minn. 54, 287 N. W. 601; State ex rel. Bowen v. District Court, 179 Minn. 583, 229 N. W. 318; State ex rel. Monitor Drill Co. v. District Court, 92 Minn. 402, 100 N. W. 2 (1904).

A contrary view, that the cause of action arises where the effect of the official decision or act is felt, is found in Regents of

the University of California v. Superior Court, 3 Cal. 3d 529, 91 Cal. Rptr. 57, 476 P. 2d 457; Platte Valley Irrigation District v. Tilley, 142 Neb. 122, 5 N. W. 2d 252 (1942) ; Baldwin v. Board of Commrs. 196 S. C. 112, 12 S. E. 2d 846 (1940). The cases are distinguishable on the facts and the law applicable therein. More importantly, the Starkey rule, as well as the weight of authority, is to the contrary. If given effect, we are persuaded that the minority view would expose a public officer to suit, for one official act, in a variety of venues about a jurisdiction, a result we doubt was intended by the legislature. Cf. State ex rel. Starkey v. District Court, *supra*; State ex rel. Bowen v. District Court, *supra*; State ex rel. Monitor Drill Co. v. District Court, *supra*.

Finally, we have said that a cause of action involves violation of a legal right. Halliwill v. Mutual Service Cas. Ins. Co. 257 Minn. 252, 100 N. W. 2d 817 (1960). Our impression of this case is that no violation of respondents' alleged rights could have occurred until petitioner, or someone else authorized to do so, acted in a way that necessitated respondents' pursuit of legal relief. The earliest point, under these circumstances, at which a violation of respondents' legal rights occurred was when petitioner attempted to, and did, apply Minn. St. 145.71 et seq. to respondents' application.

So construed, the claims for relief found in respondents' complaint are all directed at a public officer for acts done by virtue of the office, all pertinent acts having taken place in Hennepin County. Petitioner's demand and motion in the lower court should have been granted.

We advance no opinion on the alternative grounds suggested by petitioner for a change of venue in light of our treatment of the petition under § 542.03.

Because we feel that the matter of Minnesota State Board of Health v. Governor's Certificate of Need Appeal Board [14] is not properly before us, we discharge the order staying proceedings in Dakota County District Court with respect to that action. For

_____
[14] See, footnote 6, *supra*.

the reasons stated, we also discharge the stay order in the case at bar and grant the State Board of Health's petition for a writ of mandamus directing the Dakota County District Court, Judge Lawrence L. Lenertz, to change the venue of Ebenezer Society, Inc. and Fairview Community Hospitals, Inc. v. Minnesota State Board of Health, to Hennepin County.

Order staying proceedings discharged. Let the writ issue.

MR. JUSTICE KNUTSON took no part in the consideration or decision of this case.