STATE of Minnesota, by Harry F.
DRABIK, Respondent,

v.

Timothy D. MARTZ, Petitioner.

No. C0-89-1550.

Court of Appeals of Minnesota.

Nov. 7, 1989.

Scott Benson, Dorsey & Whitney, Minneapolis, for respondent.

Lee Sheehy, Popham, Haik, Schnobrich & Kaufmann, Minneapolis, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and SCHUMACHER and GARDEBRING, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Drabik brought suit under the Minnesota Environmental Rights Act to enjoin construction of a radio tower in Cook County, near the Boundary Waters Canoe Area in northern Minnesota. The action was brought in Ramsey County. Martz is a resident of Connecticut, and he was served there by a sheriff. Martz demanded that venue be changed to Cook County, and he now seeks a writ of mandamus to compel that change.

### DECISION

Mandamus is the appropriate remedy to obtain review of a venue decision. *Ebenezer Society v. Minnesota State Board of Health,* 301 Minn. 188, 193, 223 N.W.2d 385, 388 (1974). Mandamus will lie if the trial court is *clearly required* to do something, but it cannot control judicial discretion. Minn.Stat. § 586.01 (1988).

Any resident of this state may bring suit under the Minnesota Environmental Rights Act, Minn.Stat. §§ 116B.01–.13 (1988), to protect natural resources from pollution, impairment, or destruction. Minn.Stat. § 116B.03, subd. 1. Venue of such actions may be proper in several counties. The action

> *may be brought* in any county in which one or more of the defendants reside when the action is begun, or in which the cause of action or some part thereof

arose, or in which the conduct which has or is likely to cause such pollution, impairment, or destruction occurred. *If none of the defendants shall reside or be found in the state, the action may be begun and tried in any county which the plaintiff shall designate.*

*Id.* subd. 4 (emphasis added).

Martz is the sole defendant. He does not reside in Minnesota. When the action was brought, Martz was found and served in Connecticut. Under the plain language of the statute, "the action may be begun and tried in any county in which the plaintiff [Drabik] shall designate."

While Drabik could have chosen to bring the action in Cook County, where the radio tower is constructed and the alleged environmental damage will occur, the statute allows him to designate any county. Martz failed to establish the trial court was clearly *required* to transfer venue to the county where the claim arose.

Petition for mandamus denied.