WIGGINTON, Judge.
From a conditional nolo contendere plea to a charge of battery, R.C. brings this appeal to challenge the trial court’s denial of his motion to dismiss in which he argued that the delinquency petition was not filed within forty-five days from when he was allegedly “taken into custody,” within the meaning of section 39.05(6), Florida Statutes (1983).[1] We affirm.
The issue of whether R.C. was taken into custody for purposes of triggering the “speedy petition” rule of section 39.05(6) calls for a factual determination to be made by the trial court. The phrase “taken into custody” is defined in section 39.01(32) as meaning
... the status of a child immediately when temporary physical control over the child is attained by a person authorized by law, pending the child’s release, detention, placement, or other disposition as authorized by law.
*216 The key phrase within the definition for the purpose of resolving the issue is “temporary physical control,” and, based on the facts before it, the court concluded that R.C. was at all times in the custody of his mother. The record supports that conclusion.
On November 9, 1983, R.C. allegedly struck another child on a school bus and then threatened the child and his brother. That evening, R.C.’s mother received a telephone call from deputy sheriff Lowell McDonald, who requested that she be at the office at Leon High School the following morning with R.C.[2]
On November 10, R.C. appeared at the office with his mother and was questioned as to the events of November 9. It was alleged at the hearing on the motion to dismiss that during the meeting deputy McDonald emphasized that if R.C. failed to tell the truth regarding the school bus incident, he would be transported to the jail and formally arrested.
When the interrogation ended,[3] R.C. left the school with his mother. A confidential juvenile complaint and report form was immediately prepared charging R.C. with aggravated battery and indicating that R.C. had been released to his mother.[4] The petition of delinquency was filed on January 9, 1984, and a motion to dismiss was filed on February 9, alleging the petition was untimely filed. The motion was argued on the basis of a violation of section 39.05(6).
Based on the above-recounted facts, we hold that the trial court did not err in finding that R.C. had not been taken into custody on November 10 for purposes of section 39.05(6). The brief period of interrogation conducted that morning simply did not rise to the level of “temporary physical control” contemplated by section 39.01(32). As noted by the trial court, R.C. was at all times in the custody of his mother; he voluntarily met with deputy McDonald, and there was no indication that he could not have voluntarily left. But cf. G.A. v. State, 391 So.2d 720 (Fla. 1st DCA 1980), quashed on other grounds, 417 So.2d 980 (Fla.1982). Consequently, the trial court did not err in denying the motion to dismiss.
AFFIRMED.
JOANOS and NIMMONS, JJ., concur.

. Section 39.05(6) provides:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody. The court may grant an extension of time, not to exceed an additional 15 days, upon such motion by the state attorney for good cause shown.

. R.C. did not attend Leon High School, but we do not find that fact to have any relevant bearing on the issue herein presented.

. There is some indication in the hearing transcript that R.C. waived his Miranda rights, but that waiver does not appear in the record.

.It was discussed at the hearing that a police report was subsequently filed indicating the "date of the arrest" as being November 10, and that R.C. had been released to the custody of his mother. Again, that document does not appear in the record.