DELL, Judge.
On September 15, 1988, appellant, a suspect in three burglaries all committed on the same date, voluntarily surrendered himself to the police. The police arrested him and placed him in custody for the two unrelated burglaries but did not arrest him for the attempted burglary charge which is the subject of this appeal. On February 1, 1989, the state filed an official probable cause affidavit which reflected February 1, 1989 as the date of the arrest on the instant charge and on March 3, 1989, filed a petition for adjudication of appellant.
Appellant moved to dismiss the petition based upon section 39.05(6), Florida Statutes (1987). Section 39.05(6) provides:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody.
Appellant contends that the trial court erred when it denied his motion to dismiss because the state failed to strictly comply with section 39.05(6). He argues that since he voluntarily surrendered himself on all three charges, the time for filing the attempted burglary charge began to run on September 15, 1988. We disagree.
The fact that the state could have “taken appellant into custody” on the instant charges as early as September 16, 1988, does not violate section 39.05(6). Appellant was not arrested nor was he held in custody on the instant charge until February 1, 1989 and the state filed its petition for adjudication on March 3, 1989, well within the statutory time limit. Accordingly, we affirm the trial court’s denial of appellant’s motion to dismiss.
AFFIRMED.
GLICKSTEIN and GARRETT, JJ., concur.