GRIFFIN, Judge.
The state has appealed an order dismissing a petition for delinquency on the ground that the forty-five day “speedy file” provision contained in section 39.05(6), Florida Statutes (1989) was violated. We reverse.
*912 Section 39.05(6), Florida Statutes (1989) provides that a petition alleging delinquency shall be dismissed with prejudice if not filed within forty-five days from the date the juvenile was taken into custody. At issue in the instant case is the date appellee was taken into custody for purposes of triggering the commencement of the forty-five day period.[1] Appellee argued that he was “taken into custody” on April 19,1990. On that date, Officer Farrell approached appellee on the street, told him he matched the description of a robbery suspect, asked appellee his name, address, and phone number, and also took his photograph. Appel-lee estimated this encounter lasted ten to thirty minutes. The juvenile and the police officer then went their separate ways; no arrest was made on that day.
Officer Farrell testified that a detective from vice, Jess Johnson, had requested him to gather some information on this juvenile. Although Farrell told the juvenile that he fit the description of a shoplifting suspect, the juvenile was actually a suspect in a drug investigation.[2] The trial court found:
As to this matter, both sides have well-argued their positions here dealing with a young man, a teenager, who is not particularly sophisticated, and a law enforcement officer who is in a position of authority, directing him to stop to do several things to obtain some information.
The young man indicated he was stopped from between ten to thirty minutes and — that you can have brief contacts that do not raise to the level of some custodial issues. Here, I find that it went beyond that at this point, though, and that I’m compelled to grant the motion. It will be granted at this time.
Accepting the trial court’s factual findings, we nevertheless disagree with its con-elusion that a “taking into custody” for purposes of section 39.05(6), Florida Statutes, had occurred on April 19. Appellee’s contention that the encounter between ap-pellee and Officer Farrell constituted a “taking into custody” comes from section 39.01(51), Florida Statutes:
“Taken into custody” means the status of a child immediately when temporary physical control over the child is attained by a person authorized by law, pending the child’s release, detention, placement or other disposition as authorized by law.
Appellee contends that Officer Farrell exercised such temporary physical control over appellee on April 19 that appellee was “taken into custody” on that date. However, a reading of section 39.01(51), Florida Statutes, in context with other pertinent portions of Chapter 39, further elucidates what the legislature intended. Section 39.-03(1) Florida Statutes, identifies the circumstances under which a child may be “taken into custody.” Subsection (b) of that statute authorizes taking a juvenile into custody “for a delinquent act or violation of law, pursuant to Florida law pertaining to arrest.” Taking a juvenile into custody under Chapter 39, Florida Statutes, is thus intended to be akin to arrest of an adult.[3] Even if the encounter between Officer Farrell and appellee rose to the level of a temporary detention, such detentions are not equivalent to arrest. Compare § 901.151(2), Fla.Stat. (1989) with § 901.151(4), Fla.Stat. (1989). See also Fla. R.Crim.P. 3.191(a)(4). Moreover, the terms utilized in section 39.01(51), Florida Statutes (1989) pertaining to disposition of a child taken into custody, including “release”, have specific meanings within the statutory scheme that do not relate to temporary investigative detentions. See § 39.03(2), Fla.Stat. (1989). Examination of the statutory scheme suggests the *913 “physical control” referred to in section 39.01(51) is not intended to include police encounters or temporary investigatory detentions.
In R.C. v. State, 461 So.2d 215 (Fla. 1st DCA 1984), the court found a juvenile’s compliance with the request of police to travel to a location to be questioned in connection with an alleged battery did not rise to the level of “temporary physical control” for purposes of the “speedy file” statute.[4] In the present case, the juvenile was not even questioned about the drug offense charged; the officer merely identified him. Because appellee was not “taken into custody” on April 19, 1990 for purposes of section 39.05(6), Florida Statutes (1989), the petition for delinquency was not tardy and should not have been dismissed.
REVERSED and REMANDED.
W. SHARP and DIAMANTIS, JJ., concur.

. The state filed the petition on June 5, 1990, forty-seven days from April 19, 1990. The arrest affidavit is dated May 22, 1990.

. In the arrest affidavit, Detective Johnson stated that a drug transaction involving the juvenile and a confidential informant wearing a body transmitter occurred on April 19, 1990. Following the transaction, the detective drove by West New England Avenue in Orange County and observed the juvenile standing on the street. He did not know the juvenile’s identity and instructed Officer Wayne Farrell to make contact with the juvenile.

.See § 39.037(3), Fla.Stat. (Supp.1990).

. We recognize the R.C. court noted that the juvenile, who was accompanied by his mother to the interrogation, was in his mother’s custody; however, we do not believe the presence of third parties, even parents, affects the question whether the police have assumed physical control over the child amounting to a taking into custody.