STONE, Judge.
We affirm an order adjudicating Appellant delinquent. Appellant contends that it was error to deny his motion for discharge, arguing that the state failed to file the petition within 45 days of the date he was “taken into custody” as required by section 39.048(6), Florida Statutes, as then in effect. Appellant asserts that he was, in fact, “taken into custody” on the date the offense was committed.
At the hearing on Appellant’s motion, Officer Smith testified that he and other officers arrived at the scene of a reported burglary in progress and observed Appellant and other juveniles on the roof. It was 3:00 a.m. Smith stated that he handcuffed the boys for his personal safety, and put them in his car. The officer did not release them at the scene because, pursuant to departmental policy, and for the child’s safety, officers are required to first get in touch with parents or a responsible adult.
Appellant was taken to the station, where an effort was made to contact his parents, who could not be reached. Appellant was then released to a codefendant’s parent. Appellant was not fingerprinted, photographed, interrogated, or even placed in a holding cell. Smith testified that if Appellant’s parents could have been reached, he would have been released at the scene. Appellant was given a “notice to appear” for misdemeanor trespassing upon leaving the station.
Florida Statute Section 39.048(6) (1991) provided, in part,
*26 On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it is not filed within 45 days after the date the child is taken into custody.
The trial court concluded that under the totality of circumstances, Appellant was not “taken into custody” within the meaning of the statute, reasoning:
Mere transportation of the child from the scene in order to contact a parental authority or guardian and insure the safety of the child did not elevate this situation to that of being “taken into custody.”
This Court, based on the testimony of Officer Scott, finds that the actions of the police were eminently sound and reasonable in this case. Common sense would dictate that a 13 year old child could not safely be left at the scene, in a closed business district at 3:00 a.m. To find otherwise defies logic.
We concur with the trial court’s reasoning.
The definition of “taken into custody” is set forth in Florida Statutes Section 39.-01(51):
“Taken into custody” means the status of a child immediately when temporary physical control over the child is attained by a person authorized by law, pending the child’s release, detention, placement, or other disposition as authorized by law.
The term “physical control” referred to in section 39.01(51) does not include police encounters or temporary investigatory detentions. State v. F.T.H., 579 So.2d 911 (Fla. 5th DCA 1991).
In In the Interest of S.U, 560 So.2d 402, 403 (Fla. 4th DCA 1990), we held that the 45 day time limit for filing a delinquency petition does not begin to run on the date that a juvenile surrenders to the police, but on the date the juvenile is actually arrested.
The essential facts of this case are not unlike those in State v. M.S.S., 436 So.2d 1067 (Fla. 2d DCA 1983), a case involving the running of the 90 day speedy trial period. There, a juvenile suspect, one of a group standing near a vehicle containing drugs, was taken, with the others, to the police station. At the station, he was questioned but was not charged, fingerprinted, or put in a cell. About one hour later, he was permitted to leave in the custody of his parents. The Second District determined that the juvenile was not “taken into custody.” The court specifically noted that he was not charged, fingerprinted, or otherwise processed by the police. Id. See also State v. Christian, 442 So.2d 988 (Fla. 2d DCA 1983).
We note that it is not argued that service of a “notice to appear” constitutes a restraint on physical liberty or supplies the missing element of physical arrest and control. See Fla.R.Crim.P. 3.125.
Reasonable standards in evaluating when a juvenile is taken into custody should not force an officer to choose between returning to the station with a juvenile or leaving him at the scene in the middle of the night.
AFFIRMED.
DELL, C.J., and KLEIN, J., concur.