TAYLOR, J.
R.F., a juvenile, appeals the denial of his speedy trial motion to discharge. He contends that he was taken into custody when he was issued an “Arrest/Notice to Appear” at the police station and was not given an adjudicatory hearing within 90 days following his arrest.
On October 14, 1999, Boca Raton Police Officer Flechaus issued an “Arrest/Notice *18 to Appear” to appellant for possession of a loaded firearm by a minor. The form contained the following information:
1) “Date of arrest:” 10/14/99;
2) “Location of Arrest:” 92 Minn. 402, 100 N.W. 2 Ave
3) “Charge Description:” Possession of a loaded firearm by a minor, “SKS Assault Rifle”; and
4) “Released To:” Mother.
In addition, Officer Flechaus reported the following events in his probable cause affidavit:[1]
I ADVISED [MOTHER] TO HAVE HER SON [R.F.] RESPOND TO THE BRPD TO BE ARRESTED AND PROCESSED. SHE UNDERSTOOD .... ON 10-14-99 AT APPROXIMATELY 0900 HRS [MOTHER] AND [R.F.] RESPONDED TO THE BRPD SO [R.F.] COULD BE ARRESTED AND PROCESSED. WHILE AT THE BRPD [MOTHER] PROVIDED A WRITTEN STATEMENT STATING THAT SHE DID NOT KNOW HER SON [R.F.] HAD A LOADED SKS ASSAULT RIFLE IN HIS ROOM. SUBJECT [R.F.] WAS PROCESSED AND CHARGED WITH POSSESSION OF A LOADED FIREARM BY A MINOR PER F.S.S. 790.22(3). [R.F.] WAS RELEASED BACK TO HIS MOTHER.
(Emphasis added).
On November 22, 1999, the state filed a petition for delinquency against appellant. On February 1, 2000, appellant filed a notice of expiration of speedy trial. The next day, the state filed a motion to strike appellant’s notice of expiration, asserting that the notice to appear issued to appellant on October 14, 1999 did not commence the speedy trial time because appellant was not “taken into custody.”
On February 8, 2000 the trial court held a hearing on the state’s motion to strike the notice of expiration of speedy trial. At the hearing, the state argued that because the child was never taken into custody, the speedy trial period began to run on November 22, 1999, when the petition was filed. Accordingly, the speedy trial time did not expire until February 20, 2000. Defense counsel responded that appellant was taken into custody on the date that the notice to appear was issued. The trial court ruled that the time for speedy trial had not yet run and granted the state’s motion to strike. Trial was set for February 18, 2000.
On February 18, 2000, appellant filed a motion to discharge and requested a rehearing on the speedy trial issue. Appellant argued again that he had been taken into custody when the notice to appear was issued on October 14, 1999. The state countered that because appellant was released to his mother when the notice to appear was issued, he was not taken into custody. The trial court denied the motion for rehearing and, at appellant’s request, reset the trial date.
Appellant pled no contest to the charge and reserved his right to appeal the denial of his motion to discharge. The sole issue on appeal is whether appellant was “taken into custody” for speedy trial purposes when he was issued the notice to appear on October 14,1999.
The juvenile speedy trial rule is set forth in Florida Rule of Juvenile Procedure 8.090(a) and provides:
Time. If a petition has been filed alleging a child to have committed a delin *19 quent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
Although the phrase “taken into custody” is not further defined in the rule, Section 985.03(53), Florida Statutes (1999), gives the following definition:
“Taken into custody” means the status of a child immediately when temporary physical control over the child is attained by a person authorized by law, pending the child’s release, detention, placement, or other disposition as authorized by law.
The state argues that because appellant voluntarily appeared at the police station on October 14, 1999 with his mother, was issued a notice to appear pursuant to Florida Rule of Juvenile Procedure 8.045, and allowed to leave, he was not “taken into custody” on October 14,1999.
Rule 8.045, titled “Notice to Appear,” provides:
(a) Definition. A notice to appear, unless indicated otherwise, means a written order issued by a law enforcement officer or authorized agent of the department, in lieu of taking a child into custody or detaining a child, which requires a child accused of violating the law to appear in a designated court or governmental office at a specified date and time.
(b) If a child is taken into custody for a violation of law and the officer elects to release the child as provided by law to a parent, responsible adult relative, or legal guardian, a notice to appear may be issued to the child by the officer.
The state contends that appellant was issued a notice to appear “in lieu of [being taken] into custody” pursuant to Rule 8.045(a). However, the notice to appear “indicated otherwise.” Id. The notice contains information regarding the date and location of appellant’s “arrest.” An arrest commences the juvenile speedy trial period. See A.L. v. State, 787 So.2d 942 (Fla. 4th DCA 2001). Thus, where the circumstances surrounding issuance of a notice to appear demonstrate that the juvenile was arrested, the juvenile speedy trial period is triggered.
In this case, the documents in evidence reflect that appellant was arrested when he was issued the notice to appear on October 14, 1999. On that date, appellant went to the police station in response to the officer’s request that he appear there to be “arrested and processed.” While there, appellant was issued a notice to appear and formally “processed and charged.” Shortly thereafter, he was released to his mother. Cf. In re S.V., 560 So.2d 402 (Fla. 4th DCA 1990)(juvenile who voluntarily surrendered himself to the police was arrested and placed in custody for two unrelated burglaries but was not arrested for the attempted burglary charge which he sought to have dismissed on “speedy file” grounds).
The state cites several cases wherein a juvenile was found not to have been “taken into custody” for speedy trial purposes although the juvenile was transported to the police station and/or questioned by officers about criminal allegations. However, in those cases, the juvenile was not formally charged, fingerprinted, or otherwise processed by the police. See M.H. v. State, 637 So.2d 25, 26 (Fla. 4th DCA 1994)(“[m]ere transportation of the child from the scene [to the police station] in *20 order to contact a parental authority or guardian and insure the safety of the child did not elevate this situation to that of being ‘taken into custody’ ”); R.C. v. State, 461 So.2d 215 (Fla. 1st DCA 1984)(where juvenile and his mother met with police at his high school about assault and battery allegations and police officer informed juvenile that if he failed to tell the truth, he would be transported to the jail and formally arrested, and after the interview, the juvenile left the school with his mother, the child was not “taken into custody”); State v. M.S.S., 436 So.2d 1067 (Fla. 2d DCA 1983)(juvenile was not “taken into custody” for purposes of speedy trial statute where juvenile was taken to police station and questioned as to his identity and for information regarding drugs found in automobile but was not charged, fingerprinted, or otherwise processed by the police, and he was permitted to leave within an hour); State v. D.B.C., 413 So.2d 455 (Fla. 5th DCA 1982)(placing juvenile in a police car during accident investigation and transporting him to a hospital for blood testing did not constitute taking him into custody for juvenile speedy trial purposes).
Based on the record before us, we conclude that appellant was “taken into custody” on October 14, 1999. This conclusion is consistent with interpretations of the adult speedy trial rule, Florida Rule of Criminal Procedure 3.191(d). See J.B. v. Korda, 436 So.2d 1109 (Fla. 4th DCA 1983)Cjuvenile speedy trial rule and criminal rule should be read in pari materia); D.L.M. v. State, 397 So.2d 439 (Fla. 3d DCA 1981)(noting that the adult counterpart to the juvenile speedy trial rule and interpretations thereunder are proper guides in determining the meaning of the words “taken into custody” appearing in the juvenile speedy trial rule).
Rule 3.191(d) states that a person is taken into “custody” for speedy trial purposes “(1) when the person is arrested' as a result of the conduct or criminal episode that gave rise to the crime charged.” Here, the encounter between appellant and Officer Flechaus at the police station was akin to the arrest of an adult. It therefore constituted a “taking into custody” within the meaning of Rule 8.090(a). Appellant complied with the police officer’s direction to respond to the police station to be “arrested and processed.” Although appellant was accompanied by his mother when he was issued the notice to appear and processed, this fact does not affect the question whether the police assumed “temporary physical control” over the child amounting to a taking into custody. See State v. F.T.H., 579 So.2d 911, 913 n. 4 (Fla. 5th DCA 1991)(presenee of third parties, even parents, does not affect whether police assumed physical control over child amounting to taking into custody).
Contrary to the state’s argument, the evidence shows that the notice to appear in this case was not issued pursuant to Rule 8.045(a) as an alternative to taking the child into custody. Rather, the evidence supports appellant’s position that the officer took him into custody and then elected to release him to his mother in accordance with Rule 8.045(b).
Because appellant was taken into custody on October 14, 1999, the trial court was required to conduct the adjudicatory hearing no more than 90 days later. Fla. R. Juv. P. 8.090(a). On the 110th day, appellant filed his notice of expiration of speedy trial. Appellant was not brought to trial within the ensuing 15 days. Consequently, his motion to discharge filed on February 18, 2000, 17 days after filing of the notice of expiration of speedy trial, should have *21 been granted and his discharge ordered. Fla. R. Juv. P. 8.090(m)(3).
We reverse the order denying appellant’s motion and direct the trial court to enter an order of discharge.
REVERSED and REMANDED.
DELL, J., and OWEN, WILLIAM, C., Jr., Senior Judge, concur.

. The record reflects that the state asked the trial judge to take judicial notice of the probable cause affidavit.